## S. P. Lester *et al. v.* G. R. Watkins *et al.*

1. APPEARANCE: BY ATTORNEY, WITHOUT PROCESS.—The filing of a plea by an attorney, or the signing of an answer to a bill in chancery by a solicitor, though no process may have issued for the defendants, constitute an appearance, and is sufficient to authorize the rendition of a judgment or decree against them, without any proof of the authority of the attorney or solicitor.

2. SAME: CASE IN JUDGMENT.—To a bill, filed against L. and others, it appeared that an answer was filed, purporting to be signed by them and by G., their solicitor. L. and others were not served with process, and in the answer filed, they waive the service of process, and consent that a decree may be rendered according to the prayer of the bill. On the hearing there was no proof of the authority of G., the solicitor, nor of the signatures of L. and others. Held, that the answer constituted an appearance for the defendants, and a final decree against them would not be set aside.

APPEAL from the Chancery Court of Panola county. Hon. Alex. M. Clayton, chancellor.

*Miller & Miller,* for appellants, cited Rev. Code, 544, articles 26–31; *Gwin* v. *Williams,* 27 Miss. R. 332; *Pittman & Gwin* v. *Planters' Bank,* 1 How. 527; *Torry* v. *Smith,* 4 How. 401; *Dean* v. *McKinstry,* 2 S. & M. 213, 307; *Frisby* v. *Harrison,* 30 Miss. 452; *Byrne* v. *Jeffries,* 38 Miss. 533; Barbour's Ch. Practice, see title "Appearance."

*White & Chalmers*, for appellees, contended,

That the substance of the assignment is that no process was ever issued or served upon the defendants; that no appearance was entered for them; that their *signatures* to the *answer* filed was not *proven;* and that, therefore, they never were legally before the court, and hence the decree is void.

In reply, we would state that we might admit every point stated and still be unable to see the error.

True, no process was ever issued or served, but can this make any possible difference where the party voluntarily comes in and answers?

The only object of process is to bring the parties before the court; and if the parties, being of full age, choose voluntarily to come in themselves, what earthly objection can there be to it? Is a voluntary appearance any less binding than an involuntary one?

But gentlemen say that there is no proof of the signatures to the answer.

Did anybody ever hear of proof of the signatures to an answer prepared and countersigned by an attorney? We imagine that the truth is that no proof of the signatures of defendants could have been made, because we imagine that the fact is that the defendants never signed it at all, but that it was written and signed by " Geo. G. Nelson, their solicitor," whose name is appended thereto. Instead of simply signing his own name to the answer, which would have been amply sufficient, the attorney chose to sign his client's name in full, and append his own name as " solicitor for defendants " thereunder. Is it possible that this fact vitiates the answer?

The authorities cited by counsel for appellant have no bearing whatever upon the case.

The provisions of the Code quoted, to wit, articles 26 and 31, page 545, regulate the issuance and return of chancery process, but they certainly do not establish the position that a party cannot come in voluntarily without process if so disposed.

The cases quoted from Howard's, Smedes & Marshall's, and Cushman's Reports, relate entirely to the effect of a recital in the

S. P. Lester et al. *v.* G. R. Watkins et al.

record that defendants " appeared," when the pleadings showed that they had not appeared, and to the effect of service or pleading by one joint defendant upon the others.

None of them intimate the doctrine that a defendant cannot appear and answer without issuance of process.

In fact, the appearance and pleading of parties who have never been cited, are matters of every-day occurrence in both the Chancery and Circuit Courts.

The case of *Hemphill* v. *Hemphill,* 5 George, 69, decides that a written endorsement by a defendant upon a declaration that he waives issuance of writ and consents for judgment to go against him, will not support the judgment when rendered.

This case has been expressly overruled by the case of *Byrne* v. *Jeffries,* 10 George, 533 ; and even if it were not, it would not affect the case at bar, which is not a simple written waiver of the issuance of process, but a formal answer put in by an attorney some time after suit brought.

SHACKELFORD, C. J., delivered the opinion of the court.

A bill was filed in the Chancery Court of Panola county, on the 2d of May, 1866, by *Appellees* v. *Appellants.*

On the same day an answer was filed by appellants, in the following words :—

The joint and several answer of J. T. M. Burbridge, S. P. Lester, Neckle & Simpson, William S. Harris, and W. P. Watkins, to the bill of complaint of G. R. Watkins and Henry Laird filed against them in said court, answer and saith, that they admit all the allegations in the complainant's bill contained, and agree that the decree be made according to the prayer therein contained; also acknowledge due and legal service of *citation,* and waive all irregularities, if any exist.

J. T. M. BURBRIDGE,
S. P. LESTER,
NECKLE & SIMPSON,
W. S. HARRIS,
W. P. WATKINS.

G. G. NELSON, solicitor for defendants.

Marked "Filed by defendants, May 2, 1866.

"J. C. HARRISON, Cl'k."

The cause was submitted on bill, answer, and exhibits, and final decree rendered in the cause on the 21st day of May, 1866.

To reverse this decree the cause is brought into this court by appeal.

The answer of the appellant furnishes the grounds for the only error assigned, which is as follows :—

"That the error does not show that any of the parties defendant below, were legally in court when the decree was taken against them.

"No process to bring them into court was issued and returned executed.

"There was no proof of their signatures to the instrument of writing purporting to be an answer to the bill, and no appearance was entered."

The counsel for the appellants insist that the " simple endorsement of the name G. G. Nelson, solicitor for defendants," or what purports to be an answer to complainant's bill, does not operate as an appearance, or bring the defendants into court, and rely upon the case of *Hemphill* v. *Hemphill*, 34 Miss. 69, and *Byrne, Vance & Co.* v. *Jeffries*, 38 Miss. 533, as deciding points on the question of appearance, and which sustains the position assumed by them in this assignment of error.     In the case of *Hemphill* v. *Hemphill*, the plaintiff treated the following as an appearance :—

"I acknowledge due and legal service of the within petition or complaint, waive summons, and consent that the same may be docketed, and judgment rendered at the present term of the Monroe court now in session.

"WM. HEMPHILL,"

and proceeded to take judgment by default.

The court held in this case that "The judgment was void for want of jurisdiction of the defendant, who could only be brought into court by the process prescribed for that purpose, or by plea, or in proper person, and without plea, and

make the necessary waiver, and consent for judgment to be entered against him, neither of which appear to have been done."

It is clear, from the portion of the opinion just quoted from the case of *Hemphill* v. *Hemphill*, that if there had been a plea by counsel in that case, although there was no service of summons upon the defendant, that the appearance would not have been questioned by the court as to its sufficiency.

The appellants in this suit appeared by their counsel and answer the bill of complaint, admitting all the allegations of the same, waiving therein issuance of subpœna, and acknowledging service of the same, and waiving all irregularities, if any existed.

They now ask for a reversal of the decree, because there is no proof on the record of their signatures to their answer.

They could with the same propriety ask for a reversal of the decree, if service of the subpœna had been personally executed upon them before the filing of their answer, because there was no proof of their signatures to their answer being genuine, or that they were placed there by their counsel with their authority.

After comparing the facts in this case with those of *Hemphill* v. *Hemphill*, we are unable to perceive their analogy.

It is not at all probable, and cannot be presumed, that a solicitor represented appellants in this cause in the court below without proper authority from them.

Let the decree be affirmed.