ALFRED S. BROWN vs. CUNARD STEAMSHIP COMPANY.

Suffolk.   March 8, 1888. — May 5, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Common Carrier — Bill of Lading — Limit of Liability — Damages.*

If a bill of lading limits a carrier's liability to the invoice value of the goods in
the event of loss through his fault, damages in such case are to be computed
in the usual way up to that value, irrespective of the market value of the goods
as damaged at the port of destination.

CONTRACT to recover for damage to certain packages of wal-
nuts belonging to the plaintiff, while being carried in the de-
fendant's steamship Samaria.   Trial in the Superior Court,
without a jury, before *Pitman,* J., who reported the case for the
determination of this court, in substance as follows.

The walnuts were shipped by the plaintiff, to be transported
to Boston by the defendant, under a bill of lading which con-
tained the following clause: " Ship not accountable for any sum
exceeding £100 per package, for goods of whatever description,
unless the Value is Declared and Freight as may be agreed paid
thereon ; and in event of loss or damage, for which the Ship is
responsible, the liability shall not exceed the Invoice or the
Declared Value for the United States Customs Duty."   An
auditor, to whom the case was referred, under an agreement that
his findings of fact should be final, reported that the walnuts
were damaged by water admitted into the compartment in which
they were stored by the breaking of a rubber joint in a pipe
passing through the compartment; that the breaking of the
joint was owing to the defective condition of the pipe and joint
existing at the commencement of the voyage, and that this was
a non-fulfilment of the defendant's implied warranty that the
ship at that time was fit for the performance of the voyage and
the transportation of the goods ; that the walnuts suffered dam-
age in their market value in Boston to the amount of $151.78,
which amount was considerably less than their invoice value;
and that it did not appear in evidence that the market value
of the goods in their damaged condition was less than their
invoice value with costs of importation added.

Upon the facts found by the auditor, the defendant did not contest its liability for damage, except upon the ground that, according to the bill of lading, its liability was limited to the invoice value of the goods, and asked the judge to rule that no damage was shown for which it could be held responsible according to the bill of lading. The plaintiff asked the judge to rule that, upon the facts, he was entitled to recover $151.78; but the judge refused so to rule, and found for the defendant.

If upon the facts the plaintiff was entitled to recover, judgment was to be entered for $151.78, with interest; otherwise, judgment was to be entered for the defendant.

*F. Dodge*, for the plaintiff.

*G. Putnam & T. Russell*, for the defendant.

HOLMES, J. The plaintiff's goods were damaged on the defendant's vessel, through its fault, to the amount of one hundred and fifty-one dollars and seventy-eight cents, in their market value in Boston, the port of destination; but it did not appear that their market value as damaged was less than the invoice value of the sound goods with the cost of importation added. The bill of lading limits the defendant's liability to the invoice value. See *Graves* v. *Lake Shore & Michigan Southern Railroad*, 137 Mass. 33; *Hill* v. *Boston, Hoosac Tunnel, & Western Railroad*, 144 Mass. 284. The only question which we shall consider is whether the language used exempts the defendant from all liability upon these facts.

The defendant relies upon some decisions to the effect that a provision that the ship owner will not be liable for more than the invoice value of the goods is to be construed as limiting the liability in case of partial loss to the difference between the net proceeds of each article damaged and its invoice price and freight, and that if the cargo owner " has received from the sale of the damaged goods the invoice price, after deducting the cost of importation, sale, etc., the libel will be dismissed." *The Lydian Monarch*, 23 Fed. Rep. 298, 300. *Pearse* v. *Quebec Steam-Ship Co.* 24 Fed. Rep. 285, 289. We shall not criticise these decisions further than to say, that, if they are not distinguishable from the case at bar, we cannot follow them.

The bill of lading before us reads, " Ship not accountable for any sum exceeding £100 per package, for goods of whatever

description, unless the Value is Declared and Freight as may be agreed paid thereon, and in event of loss or damage for which the Ship is responsible, the liability shall not exceed the Invoice or the Declared Value for the United States Customs Duty." It is plain that these words fix alternative limits of liability, — £100 per package if the value is not declared, the declared value when it is declared. In the former case, we do not suppose that it would be contended that, if a package brought £100, no damage could be recovered; yet, unless the argument is carried to that extent, we see no reason why in the latter alternative the ship owners should escape if the goods bring their invoice price.

Looking at the words of the latter branch of the sentence alone, it will be seen that they refer to the event of " loss or damage for which the ship is responsible," and therefore in terms presuppose that something is to be recovered in the case for which they provide. The following words, " the liability shall not exceed," etc., are apt words to express the outside limit of the sum to be recovered; but both the particular words and the whole structure of the sentence are most inapt to express a stipulation that, if the goods are still equal to the invoice value, there shall be no recovery at all. Even in the case of a valued policy, which is much stronger than the one under consideration, the rule in most jurisdictions is to leave the valuation entirely on one side for the purpose of determining what proportion of the valuation is to be paid by the insurer upon a partial loss. *Irving* v. *Manning*, 1 H. L. Cas. 287, 306. *Lewis* v. *Rucker*, 2 Burr. 1167. *Bradlie* v. *Maryland Ins. Co.* 12 Pet. 378, 399. *Boardman* v. *Boston Ins. Co.* 146 Mass. 442.

As we read the contract, the damages are to be ascertained in the usual way, by finding the difference in value between each package as damaged and the same undamaged, and these damages are to be paid by the defendants up to but not exceeding £100 when the value is not declared, or, in this case, up to but not exceeding the invoice value. As the damage to the plaintiff's walnuts did not exceed the invoice value, the defendant must pay the whole amount.

*Judgment for the plaintiff.*