## No. 2,111.

## BICK ET AL. *v.* LANG ET AL.

ATTACHMENT.—*Restitution Bond.* — *Waiver.* — *Damages.* — Defendants in an attachment, proceeding cannot maintain an action for damages upon the attachment bond, for not prosecuting the attachment to effect, when the complaint shows upon its face that they caused the attachment to be dissolved by filing a bond for the restitution of their property; the restitution of the goods being, in legal effect, a waiver of the right to assert that the attachment proceedings were wrongful and oppressive.

SAME.—*Restitution Bond.*—*Effect Of.*—The attachment defendants, by executing a bond for the restitution of the attached property, bound themselves to pay the personal judgment that might thereafter be rendered in the action; and there was no issue thereafter, in the attachment proceedings, to be determined, the attachment having been discharged upon the filing of such bond.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellants.

*Chamberlain & Turner,* for appellees.

DAVIS, C. J.—The only error assigned in this court is that "the court erred in sustaining appellees' demurrer to the complaint." The record discloses that appellees filed a demurrer to the complaint, which was sustained by the court, and exception to the ruling reserved by appellees. No exception to the ruling on the demurrer was taken or reserved by appellants, as shown by the record.

No question is presented for our consideration, unless we assume that the word "defendants" in the exception was used by clerical mistake for the word "plaintiff."

The record, ordinarily, imports absolute verity. *American Strawboard Co.* v. *Foust,* 12 Ind. App. 421.

As appellees' demurrer to appellants' complaint was sustained, the natural and reasonable inference is that appellants excepted to the ruling. There was no ground for exception by appellees. Appellants alone could properly except to the ruling. The record, however, recites that the only exception to the ruling was taken by appellee, at whose instance and in whose behalf it was made. *Jenkins* v. *Wilson*, 140 Ind. 544.

Waiving this question, and assuming, without deciding, that the exception to the ruling of the court in sustaining appellees' demurrer to appellants' complaint, was properly taken and reserved by appellants at the time the ruling was made, we have examined the complaint and find that it does not state facts sufficient to constitute a cause of action.

Appellees Lang and Frank, on the 29th day of March, 1894, commenced an action against appellants, in the city court of the city of Elkhart, for the recovery of money, and also proceedings in attachment. Section 965, R. S. 1894; Section 953, Horner's R. S. 1896. The appellees executed an undertaking with said appellee John H. Broderick, as surety thereon, payable to appellants, to the effect that the plaintiffs in said action should duly prosecute their proceedings in attachment; and that they would pay all damages which might be sustained by the defendants therein if the attachment proceedings should be wrongful and oppressive. Section 929, R. S. 1894; section 917, Horner. Thereupon an order of attachment was issued, and certain goods of appellants were seized and attached. Sections 930, 965, R. S. 1894; sections 918, 953, Horner. Thereupon appellants executed a bond for the restitution of said goods and the attachment was discharged and restitution made to them of the goods so taken on writ of attachment. Sections 940,

957, R. S. 1894; sections 928, 945, Horner. After-wards appellees recovered personal judgment in the attachment proceedings.

This action was instituted by appellants, against appellees, on the bond in the attachment proceedings, to recover damages growing out of their failure to prosecute their proceedings in attachment. The facts hereinbefore recited are alleged in substance in the complaint. The gist of the action is that appellees "did not recover judgment in attachment proceed-ings." Section 940, *supra*, expressly provides that when the bond for restitution is given, "the attach-ment shall be discharged." When the attachment was discharged and restitution of the property was made to appellants, there was no issue thereafter in attachment to be determined. Section 957, *supra;* *Gass* v. *Williams*, 46 Ind. 253; *Dunn* v. *Crocker*, 22 Ind. 324.

When the bond for restitution was filed the prop-erty was released from the lien of the attachment. The court could not thereafter render a judgment in the attachment proceedings. The appellants by that undertaking agreed "to perform the judgment of the court." In other words, they thereby bound them-selves to pay the personal judgment thereafter ren-dered in the action. Appellants cannot maintain an action for damages upon the attachment bond for not prosecuting the attachment to effect, when the com-plaint shows upon its face that they caused the at-tachment to be dissolved by filing their bond for the restitution of their property. If the attachment pro-ceedings were wrongful and oppressive, and appel-lants desired the possession of the attached goods, pending the action, they should have executed a de-livery bond, under section 936, R. S. 1894 (section 924, R. S. 1881). The execution of the undertaking, under

section 940, *supra*, for the restitution of the goods, was in legal effect a waiver of the right to assert that the attachment proceedings were wrongful and oppressive. The only issue thereafter to be determined was whether appellees were entitled to recover personal judgment in that action.

Judgment affirmed.

Filed June 16, 1896.