# NEW ALBANY MANUFACTURING COMPANY *v.* SULZER, DOING BUSINESS UNDER THE NAME OF SULZER MACHINE COMPANY.

[No. 3,804,   Filed May 13, 1902.]

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Subsequent Action on Claim.* —Where a creditor filed his claim against an insolvent estate, in the hands of an assignee, and failed to realize anything thereon, he is not thereby precluded from maintaining an action against the debtor upon the same evidence of indebtedness. *p. 91.*

APPEARANCE.—*Nonresident Defendant.*—*Jurisdiction.*—Where a nonresident defendant, against whose property a writ of attachment was issued, voluntarily came into court and tendered an issue upon the main action and the attachment, he thereby submitted himself to the jurisdiction of the court, and the court had authority to render a personal judgment against him. *p. 91.*

From Clark Circuit Court; *J. K. Marsh*, Judge.

Action by the New Albany Manufacturing Company against Oscar R. Sulzer on promissory notes and on account, and in attachment. From a judgment for defendant, plaintiff appeals. *Reversed.*

*C. L. Jewett* and *H. E. Jewett*, for appellant.

WILEY, J.—Action by appellant against appellee upon three promissory notes and an open account. With its complaint appellant filed an affidavit and bond in attachment. A writ of attachment was issued, and certain personal property seized thereunder. The ground of the attachment was the nonresidence of appellee. He appeared personally to the action and filed answer, to which appellant replied. Appellee filed a bond, under §940 Burns 1901, for restitution of the property attached. There is no necessity for stating

the pleadings, for the court made a special finding of facts, and stated its conclusions of law thereon, and the only questions presented under the assignment of errors arise upon the exceptions to the conclusions of law.

A condensed statement of the special findings discloses the following material facts: That there was due appellant upon the notes and account sued on the sum of $349.92, and that said sum was wholly unpaid; that prior to the commencement of this action appellee made a voluntary assignment in the state of Kentucky for the benefit of his creditors; that appellant filed with the assignee a claim for the same indebtedness sued on in this action, which was allowed; that the estate of appellee was fully settled by the assignee; that all the assets were consumed in the payment of costs and in partial payment of preferred creditors, and that nothing was paid upon appellant's claim. The court further found that appellee delivered to the sheriff his bond, with surety, which was approved, that he would appear to the action and perform the judgment of the court, and that thereupon the sheriff released the property attached, and restored it to appellee. Upon these facts the court concluded, as matter of law, (1) that appellant was estopped from further prosecuting its action; (2) that appellant was not entitled to take anything by reason of its action; (3) that appellee was entitled to judgment for costs; (4) that appellant was not entitled to any relief by reason of the attachment.

We are unable to understand upon what theory the court based its conclusions of law. Every fact essential to appellant's recovery is found in its favor, and, by appellee voluntarily appearing to the action and by executing his bond of restitution, under the statute, he became liable for any personal judgment that might be rendered against him. By the execution of the bond the attachment was discharged, and the only question left for decision was whether or not appellee was personally liable. The court found that there

was due from appellee to appellant a fixed sum, and that it remained wholly unpaid.

The court's conclusions of law must have been based upon a wrong conception of the rights of the parties, and that is, that appellant having filed its claim against appellee's insolvent estate in the hands of an assignee, and having realized nothing thereon, it was thereby precluded from maintaining an action upon the same evidences of indebtedness. This is not the law. In the case of *Lawrence* v. *McVeagh,* 106 Ind. 210, it was expressly held that the statute governing voluntary assignments of debtors for the benefit of creditors does not suspend the creditor's right to maintain an action at any time for the recovery of a personal judgment against the assignor for the amount due.

That appellant was entitled to a personal judgment against appellee, after he voluntarily came into court and tendered an issue both upon the main action and the attachment, there can be no doubt. He submitted himself to the jurisdiction of the court. See *Lester* v. *Watkins,* 41 Miss. 647; *Green* v. *Hill,* 4 Tex. 465; *Downer* v. *Shaw,* 22 N. H. 277. And we think that is just what the statute means; for in the bond for restitution the attachment defendant binds himself to appear to the action and perform the judgment of the court. §940 Burns 1901. It will not bear any other construction.

Judgment reversed, and the court below is directed to restate its conclusions of law, and render judgment against appellee for $349.92, with interest at six per cent. from June 26, 1900.