IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1905, IN
THE EIGHTY-NINTH AND NINETIETH
YEARS OF THE STATE.

---

UNITED STATES EXPRESS COMPANY *v.* JOYCE ET AL.

[No. 4,621. Filed February 4, 1904. Rehearing denied April 20,
1904. Transfer denied June 22, 1905.]

1. CARRIERS.—*Contracts.—Value Fixed by.—Rates.*—Where a
shipper contracts with the carrier for the transportation of
property, the shipper fixing the value thereof, and the ship-
ping rates are fixed according to the fair value of such property
so fixed, such contract, if made without any fraud and after
opportunity for choice is given, is valid, and the damages as-
sessed for injury to, or loss of, such property can not exceed the
value so fixed. p. 3.

2. CONTRACTS.—*Recitals.—Conclusiveness.—Carriers.—Valuation
of Property by Shipper.*—The recitals of a contract between a
shipper and his carrier, as to the value of the property to be
transported, are not conclusive but merely *prima facie* evidence
thereof, the burden of overthrowing same being upon the ship-
per, and if the shipper fails to overthrow such evidence, the
damages so fixed will be awarded, where such property is de-
stroyed. p. 4.

3. CARRIERS. — *Negligence. — Contract. — Value of Property.* —
Where the shipper, in a contract for the transportation of his
property, fixes the value thereof, and sells such property at its
destination for more than such fixed value, he can, nevertheless,
collect damages for negligent delay of such property in such
transportation, but not a greater sum than such fixed value. p. 4.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by John E. Joyce and others against the United
States Express Company. From a judgment for plaintiffs,
defendant appeals. *Affirmed.*

VOL. 36—1

*Baker & Daniels* and *Fields & Harmon,* for appellant.

*Buskirk & Brady* and *Embree & Burson,* for appellees.

ROBY, J.—Action by appellees for damages on account of appellant's alleged negligence in the transportation of two car loads of horses from Princeton, Indiana, to Buffalo, New York. The dates of shipment being May 23 and June 13, 1901. The trial court, upon request, made a special finding of facts, and stated conclusions of law thereon, in accordance with which judgment was rendered against appellant for $2,195 on account of damages to the shipment of May 1, and $1,499.60 on account of damages to the shipment of June 13. Interest being included in both cases. Exceptions by appellant to the conclusions of law against it were duly taken, and the correctness of such conclusions thereby presented to this court.

The facts found, so far as their statement is necessary, are as follows: Contracts between the parties were entered into on the respective dates named, containing, among others, the following provisions: "Notice to Shippers— The shipper will value his stock, which valuation will be inserted in this contract, the charge for carriage will be based on such valuation. United States Express Company. Limited Liability. Live stock contract. (Duplicate.) To be given to the shipper. This contract witnesseth: * * * (1) That the express company undertakes to forward to the point reached by the express company which is nearest to destination, the animals * * * hereinafter mentioned, of which shipper declares himself to be the owner * * * to wit: * * * Twenty-eight horses consigned to * * * Buffalo, New York, for the sum of $225, * * * which charge is fixed by and based upon the value of said animals * * * as declared by the shipper, as hereinafter mentioned. * * *

"(3) The charges on the shipment described above, at the values specified below will be as follows:

"United States Express Company's charges. For horses, jacks or mules of a value not exceeding $75 each, $225. Connecting company's charges, $———. * * *

"(4) When the value declared by the shipper exceeds the value stated above, an addition to the above-mentioned charge will be made according to the following schedule, to wit: When the merchandise rate is not over $1 per 100 lbs, the additional charges will be 5 per cent of the excess valuation; over $1 per 100 lbs, and not over $2 per 100 lbs, 7 per cent of the excess valuation; over $2 per 100 lbs, and not over $3 per 100 lbs, 10 per cent of the excess valuation; over $3 per 100 lbs, and not over $5 per 100 lbs, 12 per cent of the excess valuation; over $5 per 100 lbs, 15 per cent of the excess valuation.

"(5) The shipper in order to avail himself of said alternative rates, and in consideration thereof being asked by the express company to value said property, now declares the values hereinafter mentioned to be the true values of said animals * * * so to be shipped as follows: Number and kind—twenty-eight horses, value $2,100.

"(6) * * * The shipper hereby releases and discharges the express company from all liability for delay, injuries to or loss of said animals * * * from any cause whatever, unless such delay, injury or loss shall be caused by the negligence of the agents or employes of the express company, and in such event the express company shall be liable only to the extent of actual damage, which shall in no event exceed the valuation herein declared by the shipper."

Where property is thus valued, the valuation being substantial and not unreasonable, fairly procured, full opportunity for choice given, without coercion or fraud,

1. and the rate of transportation is based thereon, the same being reasonable and graduated according to the value so fixed, such valuation is valid, and furnishes the measure by which damages are assessed in case of loss.

The recitals of the contract are not conclusive, but they are *prima facie* true, and place the burden of showing that the valuation stated was not so fixed as to be en-

2. forceable upon the shipper, who may, however, always aver facts destroying the validity thereof, and establish them if he can. The burden, therefore, in this case, upon such proposition, was upon appellees, who made averments in the complaint attacking the validity of the written contract. The special findings in this regard do not support such averments, and the contracts must therefore be taken as they were written, and the valuation therein made as that fixed by the parties. Had the property thus valued been destroyed *en route,* the measure of the shipper's recovery would have been thereby fixed. *Hart v. Pennsylvania R. Co.* (1884), 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; *Rosenfeld v. Peoria, etc., R. Co.* (1885), 103 Ind. 121, 53 Am. Rep. 500; *Adams Express Co. v. Harris* (1889), 120 Ind. 73, 7 L. R. A. 214, 16 Am. St. 315; *Adams Express Co. v. Carnahan* (1902), 29 Ind. App. 606; *Stewart v. Cleveland, etc., R. Co.* (1898), 21 Ind. App. 218; *Baltimore, etc., R. Co. v. Ragsdale* (1896), 14 Ind. App. 406; *Louisville, etc., R. Co. v. Nicholai* (1892), 4 Ind. App. 119, 51 Am. St. 206.

It affirmatively appears from the findings that the horses shipped in each of said cars were injured and delayed in transportation through the fault of appellant, and

3. no question relative to that phase of the case is argued. It also appears that the horses shipped in May were sold in Buffalo, on arrival, for $3,470, netting the owners $2,916.20; that they would have been worth $170 each had they been delivered without injury or delay; that those shipped in June sold for $3,615, netting the owners $3,322.70, and would have been worth $170 each had they been delivered without injury or delay. The trial court held that appellees were not precluded by the contract from showing the true value of the horses when deliv-

ered at Buffalo, but that their recovery for damages thereto could not exceed $2,100 on account of the injury to the stock shipped in one car. No question is presented as to the damage to or the value of any single animal. The property was not destroyed, but was damaged.

Appellant's counsel assume the negative of the following proposition: "In case of damage, by the carrier's negligence, to goods shipped under a contract, which, for a reduced freight rate, values the property, the goods as damaged netting the shipper more than the declared value, damages are recoverable."

The undertaking of the appellant was to transport certain horses from Princeton to Buffalo. It did not guarantee that they would bring any fixed price in the Buffalo market. Appellees did not agree that they would not sell the horses in the market for more than the sum named in the contract if they could get it. The valuation made was made as a basis for the charge for transportation, and as a limit to the damages recoverable from appellant in event that it did not properly transport the horses. They were not safely transported. They reached their destination in a damaged condition, caused by the negligence of the carrier. If appellant's proposition were granted, it would follow that, notwithstanding a full valuation in the contract, a rising market would bar recovery, without regard to the negligence of appellant or the injury to the horses. Its liability can not be made dependent upon such condition. The carrier undertakes to convey the property safely. If it fails to do so, it ought to make good the loss of the shipper thereby caused. The inquiry is not how much are the remaining horses worth, but how much damage has been done to the lot?

The appellant must respond for all such damages up to an amount not exceeding the stipulated value of the property. This is in accordance with the terms of the contract: "And in such event the express company shall be liable only

to the extent of actual damage, which shall in no event exceed the valuation declared by the shipper." A construction relieving appellant from all liability would, if placed upon the contract, result in rendering it obnoxious to the law, and prevent its enforcement by the courts. A number of cases are cited tending to support appellant's contention. They are referred to by the Massachusetts supreme court as follows: "If they are not distinguishable from the case at bar we can not follow them." *Brown* v. *Cunard Steamship Co.* (1888), 147 Mass. 58, 16 N. E. 717. Appellant's proposition must be answered in the affirmative. *Brown* v. *Cunard Steamship Co., supra; Starnes* v. *Railroad* (1892), 91 Tenn. 516, 19 S. W. 675; *Hart* v. *Pennsylvania R. Co., supra,* and cases cited; *Georgia R., etc., Co.* v. *Reid* (1893), 91 Ga. 377, 17 S. E. 934.

Judgment affirmed.