ILLINOIS CENT. R. Co. v. H. E. WILSON & Co.

(*Jackson.*   April Term, 1915.)

CARRIERS.  Live stock shipment.  Stipulation as to damages.

The stipulation in a contract of live stock shipment that the value of each animal does not exceed $100, and the carrier's liability for any loss or damage shall not exceed such valuation, does not prevent recovery where an animal is after its injury worth $100, but merely limits to such amount the recovery of damages measured by the ordinary rule of difference in market value with and without the injury.

Cases cited and approved: Railroad v. Estill, 147 U. S., 591; Railroad v. Fagan, 72 Tex., 127; Railroad v. Hale, 85 Tenn., 69; Adams Express Co. v. Croninger, 226 U. S., 491; Railroad v. Carl, 227 U. S., 639; Railroad v. O'Conner, 232 U. S., 508; Brown v. Steamship Co., 147 Mass., 60; Railroad v. Reid, 91 Ga., 377.

Cases cited and distinguished: Starnes v. Railroad, 91 Tenn., 516; The Styria Case, 101 Fed., 728.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—WALTER MALONE, Judge.

THOS. A. EVANS, for plaintiff.

BACON & STICKLEY, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This case is before this court on a petition for a writ of *certiorari* to review and reverse a judgment of the court of civil appeals against the railway company, which affirmed the judgment of the trial court.

Wilson & Co. shipped from Chicago, Ill., to Memphis a car load of horses; the animals being in good condition when loaded on the railway company's cars at the initial point. On arrival at Memphis some of the horses were found to be in a damaged condition, and this suit resulted.

The question presented for determination involves the construction and effect of the contract of shipment, which embodied the following clause:

"It is further expressly agreed that the value of the live stock to be transported under this contract does not exceed the following sums:

Each horse (gelding or mare) or pony stallion,
        mule, or jack ............................$100

"And the liability of the railroad company for any loss or damage for which it may be responsible shall not exceed the actual cost at the point of shipment, and in no event exceed the above valuations for each animal."

The plaintiffs, Wilson & Co., were permitted to offer evidence to the effect that some of the horses were worth above $100 each at Chicago, and that on reaching

their destination they were, though injured, worth more than that sum per head; and the trial judge charged that, as to the damaged animals, the plaintiff would be entitled to recover damages measured by the difference between the reasonable cash market value of the animals in Memphis in the condition in which they arrived and the reasonable cash market value they would have had had they been transported there in the proper manner.

The railway company challenges this charge as erroneous, insisting that the above-quoted clause operated to fix the value of the horses at $100 each, absolutely and for all purposes, and therefore, if the value of a given horse on reaching Memphis was $100, there could be no recovery based on any injuries done that animal in transit.

The usual rule as to the measurement of damages is not changed by the above clause, and this rule is the allowance to the shipper of the difference between the market value of the horses in the condition in which they would have arrived at destination but for the negligence of the defendant, and their market value in the condition in which, by reason of such negligence, they did arrive. *New York, etc., R. Co.* v. *Estill,* 147 U. S., 591, 13 Sup. Ct., 444, 37 L. Ed., 292; *Missouri, etc., R. Co.* v. *Fagan,* 72 Tex., 127, 9 S. W., 749, 2 L. R. A., 75, 13 Am. St. Rep., 779; Hutchinson, Carriers; section 770 (a); *Railroad* v. *Hale,* 85 Tenn. (1 Pickle), 69, 1 S. W., 620.

The appellees correctly urge that the stipulation as to value in the above clause has nothing to do with the ascertainment of any depreciation in the value of the animals, or with the measurement of damages, and that it operates solely to limit the amount of the recovery of damages when measured by the rule, above outlined. When the amount of loss is thus fixed, only so much thereof may pass into a recovery as does not exceed the contract limit on liability.

The parties may, of course, by express provision to that effect, stipulate that in case of partial loss the damage shall be proportioned, as is here contended it should be, on the basis of the sum named as the maximum limit. But where, as in this instance, this is not done, the question becomes one of construction, and very generally the view is entertained that such stipulations are to be construed as permitting recovery for the damages actually done; the amount recoverable, however, not to exceed that agreed upon as compensation for a total loss. 4 R. C. L., 793, section 250; note 88 Am. St. Rep., 113, 114, citing *Georgia R. Co. v. Reid,* 91 Ga., 377, 17 S. E., 934; *Starnes v. Railroad,* 91 Tenn. (7 Pickle), 516, 19 S. W., 675.

In the last-cited case it was said:

"The question is not, What did each animal bring in the market in its injured condition? but rather, To what extent and in what amount, not above $100, was it damaged through the fault of the defendant? Not what value is left in the animal, but what elements of value were wrongfully taken away. To illustrate: A

horse shipped under such a contract loses one eye through the negligence of the carrier, and the owner sues for damages. The question in such a case is, How much has the animal been damaged by the loss of the eye? and not, Will he sell for as much as $100 with but one eye?

"The agreement is that the carrier shall not be liable for more than $100 in case of damage; not that no liability shall attach if the horse, though injured, should sell for as much as that sum."

The position is advanced by the railway company that this ruling is in opposition to the decisions of the federal courts in cases involving similar limitation of liability clauses—citing *Adams Express Co.* v. *Croninger,* 226 U. S., 491, 33 Sup. Ct., 148, 57 L. Ed., 314, 44 L. R. A. (N. S.), 257; *Kansas Southern R. Co.* v. *Carl,* 227 U. S., 639, 33 Sup. Ct., 391, 57 L. Ed., 683; *Great Northern R. Co.* v. *O'Conner,* 232 U. S., 508, 34 Sup. Ct., 380, 58 L. Ed., 703; and other cases. This is a misconception of what is ruled in those cases.

In the case of the Styria, 101 Fed., 728, 41 C. C. A., 639, it was said by Lacombe, Circuit Judge:

"The statement that the shipowner shall not be liable in any case for more than the invoice value of the goods is a simple and straightforward one. Grammatically construed, it fixes a final limit of liability beyond which he shall not be required to respond. It does not profess to regulate the calculation by which a loss is to be ascertained, if such loss is less than the limit."

See, also, *Brown* v. *Steamship Co.,* 147 Mass., 60, 16 N. E., 717.

Other assignments of error are disposed of orally. Writ of *certiorari* denied.