EBERHART ET AL. v. EYRE-SHOEMAKER, INCORPO-
RATED, ET AL.

[No. 11,100.   Filed February 17, 1922.   Rehearing denied May
12, 1922.   Transfer denied November 17, 1922.]

1.  APPEAL.— *Matters Reviewable.*— *Questions not Assigned in
Cross-Error.*—Where appellees fail to assign cross-error on the
striking out of their plea in abatement, the question cannot be
considered on appeal.   p. 660.

2.  PRINCIPAL AND SURETY.—*Collateral Furnished as an Accom-
modation.*—*Relation of Parties.*—One who furnishes collateral
as an accommodation to secure the loan of another stands in the
relation of surety to the one accommodated.   p. 662.

3.  PRINCIPAL AND SURETY.—*Release of Surety.*—*Extension of
Time of Payment.*—*Execution of Renewal Note.*—The exten-
sion of time of payment or the execution of a renewal note
may release the surety.   p. 662.

4.  PLEDGES.—*Collateral Loaned to Borrower.*—*Release.*—*Exten-
sion of Time for Payment of Debt.*—Where the lender has no
notice or knowledge that collateral given to secure a debt is
not the property of the borrower, but has been loaned to him,
the extension of time of payment of the loan does release the
collateral.   p. 662.

5.  PLEDGES.—*Release of Collateral Securing Note.*—*Payment of
Note.*—*Right of Transferee of Collateral with Notice.*—Where
collateral loaned to a borrower was put up to secure the pay-
ment of a note evidencing a loan, payment of the original note
released the collateral, and thereafter the lender had no right
of action thereon, nor any right to transfer it, and a transferee
of such collateral with notice of the facts is not a *bona fide*
holder.   p. 662.

6.  PLEDGES.—*Collateral Securing Payment of Note.*—*Release.*—
*Recovery on Note for Use of Lender.*—Where action for the
use and benefit of the lender was brought upon a note, and an
amount sufficient to discharge the indebtedness was recovered,
the lender had thereafter no right of action upon bonds put
up as collateral to secure the payment of the loan, and could
not transfer any right of action upon such bonds to another.
p. 663.

7.  APPEAL.— *Review.*— *Harmless Error.*— *Overruling Demurrer
to Answer.*—Error, if any, in overruling demurrers to para-
graphs of answer filed by a defendant is harmless, where there
was no evidence of any liability as against such defendant.
p. 664.

8. APPEARANCE. — *Attachment.* — *Restitution Bond.* — *Effect.* — *Statutes.*—The filing of a restitution bond under §963 Burns 1914, §928 R. S. 1881, operates as an appearance, and, after the discharge of the attachment, the action, which theretofore was *in rem,* proceeds *in personam* as though it had been commenced by the issue of an ordinary summons and no attachment had been issued, and personal judgment may be rendered against defendant in favor of plaintiff. p. 664.

9. ATTACHMENT. — *Discharge.* — *Restitution Bond.* — *Right of Third Party to File under Attachment.*—*Statutes.*—Where an attachment has been discharged by filing a restitution bond under §963 Burns 1914, §928 R. S. 1881, a third party cannot intervene with a claim and file under the attachment, and recover judgment thereon against the obligors in a bond, which by its terms is given solely for the protection of another. p. 665.

10. APPEAL.—*Review.*—*Evidence.*—*Scope of Review.*—*Presumptions.*—In determining the sufficiency of the evidence, the court on appeal will consider only the evidence favorable to appellee, and will indulge every presumption in favor of the judgment of the trial court, and, where there are possible inferences to be drawn from the evidence to support the verdict and the judgment thereon, it must be affirmed. p. 665.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by George E. Eberhart and another, partners, against Eyre-Shoemaker, Incorporated, and others, wherein one Ross intervened. From a judgment for defendants, the intervener appeals. *Affirmed.*

*G. E. Ross* and *Gus S. Condo,* for appellant.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

NICHOLS, J.—This action was originally instituted in September, 1917, in the Huntington Circuit Court, by Eberhart and Kenner, partners, against appellee Eyre-Shoemaker, Incorporated, under the law of the State of Delaware and with its home office in Philadelphia, Pennsylvania, and T. L. Eyre, a resident of the State of Pennsylvania, and the Chicago and Erie Railroad Company upon an account and in attachment and garnishment, with necessary affidavit and undertaking filed and

approved. A summons and writ of attachment was issued and served, and answer of the garnishee railroad company filed. Afterwards, to wit, October 25, 1917, the said appellee Eyre-Shoemaker Company and Eyre filed their restitution bond, by which they bound themselves to the plaintiffs in the sum of $5,000, conditioned that said appellees would appear and perform the judgment of the court, which bond was approved by the court, and the court thereupon ordered that the railroad company be released and discharged as garnishee. In mentioning appellees hereinafter, we do not include such railroad company. On June 6, 1918, appellant Ross, hereinafter mentioned as appellant, filed herein and under the original action, his complaint on a bond or obligation executed by appellee Eyre-Shoemaker, Incorporated, payable to bearer, and which it was alleged appellee assumed and undertook to pay, which complaint was duly verified in attachment and garnishment; June 15, 1918, appellant filed four additional paragraphs of complaint upon four additional bonds or obligations executed by said appellee Eyre-Shoemaker, Incorporated, and alleged to have been assumed by said appellee Eyre.

On September 26, 1919, appellees, after withdrawing their demurrers theretofore filed to appellant's paragraphs of complaint filed a plea in abatement involving the question of the right of appellant to file under after the filing and approval of the restitution bond, and the discharge of the garnishee, which plea, on motion of appellant, was stricken out, to which ruling of the court appellees excepted. Appellees have forcefully discussed this question, but, as they have failed to assign cross-error, it cannot be considered. *White* v. *Allen* (1857), 9 Ind. 561; *Merchants' Natl. Bank* v. *Delaware School Tp.* (1916), 185 Ind. 658, 114 N. E. 450; *United States Express Co.* v. *Joyce* (1904), 36 Ind. App. 1, 69 N. E. 1015; *State* v. *Wabash*

*Paper Co.* (1897), 21 Ind. App. 167, 48 N. E. 653, 51 N. E. 949.

January 17, 1919, the venue was changed to the Grant Circuit Court. Appellees each answered in several paragraphs, denying the claim of appellant, and also setting up, with other averments, that appellant had no *bona fide* title to the bonds on which he has sued; that he had acquired possession of the same through a fraudulent agreement with the First National Bank of Logansport, and had brought this suit against the appellees after the First National Bank had been fully paid the sum of money, which said bonds had been deposited to secure as collateral, and that there was a fraudulent agreement and arrangement between said appellant and said bank to place said bonds into the hands of appellant so that he might proceed against appellees and thereby seek to recover from them more than the bank itself could recover or was lawfully entitled to recover; that appellant was not in fact a good-faith purchaser for value of said bonds, and had full knowledge of all the facts and of the fraudulent purpose of said First National Bank.

Appellant presents error of the court in overruling his demurrer to appellee company's fourth paragraph of answer. This paragraph is, in substance, so far as here involved, that the said bonds were on April 2, 1908, loaned to said Hoopes, who then and there deposited them, and each of them, with said bank at Logansport, Indiana, as collateral security for a $2,000 note as hereinafter mentioned, and at a time when by their terms they were each and all past due. Said Hoopes had theretofore secured a $2,000 loan from said bank, for which he had given his note for sixty days, which note was discounted for said time, and at the end thereof the bank required Hoopes to pay off said note, and to obtain a new loan for that purpose, and that said Hoopes

executed to the bank a new note, without notice to or knowledge of appellee company and without its consent so to do which said new note was discounted and the interest thereon paid in advance, and at the end of each sixty days thereafter until August, 1910, a new obligation was executed by said Hoopes to said bank without notice to or knowledge of appellee company, during all of which time the bonds aforesaid were in the possession of the bank, and no demand was made upon appellee company for the payment thereof, and no notice was given to the appellee company of the renewed obligation which the bank pretended to hold against appellee company. In December, 1912, said bank made a pretended sale of said bonds to appellant who gave no notice to appellee company that he was making any claim on said bonds until in June 6, 1918, at which time he brought the suit herein on such bonds.

Appellees are right in their contention that one who furnishes collateral as an accommodation to secure the loan of another stands in the relation of surety 2-5. to the one accommodated. *Lacy* v. *Lofton* (1866), 26 Ind. 324; *Goodwin* v. *Massachusetts, etc., Co.* (1889), 152 Mass. 189, 25 N. E. 100. It is also the law that the extension of time of payment or the execution of a renewal note may release the surety. 3 R. C. L. 1275. But the security in this case is collateral, and there is no averment in the answer that the bank had any notice or knowledge that such collateral had been loaned to Hoopes, and that it did not belong to him. Without such knowledge on the part of the bank, its extension of the time of payment would not release the collateral. It is to be observed, however, that the bonds were to secure an original note of $2,000, and that thereafter the bank required Hoopes to pay off said note, and to obtain a new loan for that purpose. If the original note was paid off, the collateral securing it was

thereby released, and thereafter the bank had no right of action thereon, or no right to transfer it, and appellant with notice of the facts as averred, is not a *bona fide* holder. The answer was good as against appellant's demurrer.

Appellant also presents error of the court in overruling his demurrer to the fifth paragraph of appellee company's answer. This paragraph is, in substance,

6. that the bonds in suit were originally delivered to the bank by Hoopes to secure the payment of said note, and for no other purpose. It then avers the death of Hoopes, and that the sale of the bonds and of the note to appellant was not in good faith nor for value, but the same was a mere pretense to enable the appellant to bring suit on said bonds for the benefit of the bank, and that he thereafter brought suit on said note against appellee Eyre, and recovered judgment against him for the full amount of said note, which judgment was paid, and thereby the note of said Hoopes to said bank was fully paid and satisfied, and appellee company is not indebted to the said bank or to appellant in any sum on account of said obligations. By this paragraph of answer it was averred, in effect, that there was no sale of the note and of the bonds to appellant, but only a pretense of a sale to enable appellant to bring suit and recover an amount greater than the bank was entitled to recover. The action upon the note, under the averments of the answer, was therefore for the use and benefit of the bank and the judgment thereon was for its use and benefit, and, as it was in an amount sufficient to discharge the bank's indebtedness, it had no right of action thereafter upon the bonds, for when its debt was paid, the collateral to pay the debt to which he did not need to resort was released. As the bank after its debt was paid had no right of action upon the bonds, appellant could have none, for he was not a *bona fide* holder

in his own right, holding such bonds only under a pretended sale by the bank, and hence to its use. The fifth paragraph of answer was good as against appellant's demurrer.

Appellant presents error in the court's action in overruling demurrers to the fourth, fifth and sixth paragraphs, respectively, of appellee Eyre's answer, but we do not need to consider these rulings for they present the same questions as are discussed above on the court's rulings on demurrers, and for the further reason that there is not a scintilla of evidence of any liability as against said appellee Eyre, and therefore any error in overruling demurrers to his paragraphs of answer are harmless.

Appellant insists that the court erred in overruling his special motion for a new trial which asks for the same only as against appellee Eyre-Shoemaker, Incorporated, and in attachment and garnishment. He insists that he may maintain his action on the bonds in attachment and garnishment filed under in an action wherein the garnishee has been by order of the court released by reason of the filing of a restitution bond, under the provisions of §963 Burns 1914, §928 R. S. 1881, which provides that—"If the defendant * * * at any time before judgment, shall execute a written undertaking to the plaintiff, with sufficient surety to be approved by the court * * * the attachment shall be discharged. * * *" The filing of such a bond operates as an appearance, and, after the discharge of the attachment, the action, which had theretofore been *in rem,* proceeds *in personam* as though it had been commenced by the issue of an ordinary summons and no attachment had been issued, and a personal judgment may be rendered against the defendant in favor of the plaintiff. *Bick* v. *Lang* (1896), 15 Ind. App. 503, 44 N. E. 555; *Gass* v. *Williams* (1874),

46 Ind. 253; 6 C. J. 337; *New Albany Mfg. Co.* v. *Sulzer* (1902), 29 Ind. App. 89, 63 N. E. 873.

In the instant case, we have, after the restitution bond and discharge of the attachment, an ordinary action *in personam,* as where a summons has been issued and served, and which has lost all of its elements of attachment, into which appellant seeks to break with his claim filing under in attachment, and to recover judgment thereon against the obligors in a bond which by its terms, and following the statute, is solely for the protection of another. We need no authority to sustain us in holding that appellant can have no such remedy, but see *Doran* v. *Cohen* (1888), 147 Mass. 342, 17 N. E. 647.

Appellant had no right to file under in attachment and garnishment, and there was therefore no error in overruling his special motion for a new trial so far as it involved this question. Other reasons assigned therein are the same as in the general motion for a new trial. The question as to appellee's right to file under is discussed by appellees in their brief with reference to their plea in abatement, and, had they properly presented the question by cross-error, their plea must have been sustained.

Appellant contends that the verdict of the jury is wholly unsupported by the evidence, but we are not so impressed. Keeping in mind the principles that on appeal this court will consider only the evidence favorable to appellee in determining its sufficiency, that every presumption is indulged in favor of the judgment of the trial court, and that, where there are possible inferences to be drawn from the evidence to support the verdict and judgment, it must be affirmed—principles so often repeated, and so well established that we do not need to cite authorities to sustain them—we have examined the evidence, giving special

attention to the evidence of appellant, who was examined as a witness for appellees, and we hold that the evidence fully sustains the verdict. As a right result is reached, we do not discuss the instructions, which, taken as a whole, fairly stated the law to the jury. The motions for a new trial were properly overruled.

We find no reversible error. The judgment is affirmed.