## THE CALEDONIER.

Nos. 351, 352.

Circuit Court of Appeals, Second Circuit.

June 30, 1930

Loomis & Ruebush, of New York City (Homer L. Loomis and Glenn W. Ruebush, both of New York City, of counsel), for claimant and respondent-appellant.

Theodore L. Bailey, of New York City, for libelants-appellee.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and Alfred Ogden, both of New York City, of counsel), amici curiæ.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

When this suit was here before [Picard v. The Caledonier, 31 F.(2d) 257, 259], we held the valuation clause of the bill of lading providing: It is also mutually agreed that the value of "each package shipped hereunder does not exceed $100, * * * [or its equivalent in Belgian currency] on which basis the freight is adjusted, and the carrier's liability shall in no case exceed the sum unless a value in excess thereof be specially declared and stated herein, and extra freight as may be agreed on paid—was valid and enforceable in its terms and that appellee was entitled to a decree. We said, at page 259: "The shipper had the choice, if it wished, of paying a higher rate and being subject to less restricted recovery in case of loss"—citing Hart v. Penn. R. Co., 112 U. S. 331, 5 S. Ct. 151, 28 L. Ed. 717. When the case was again considered below, the decree appealed from was entered providing a recovery "for every bale found to be damaged in excess of $100 * * * up to but not exceeding $100 per bale."

The appellant argues that the shippers are estopped from showing a greater valuation than $100 per bale and should recover only the amount by which the agreed valuations of the respective bales exceed the damaged values thereof.

We are referred to Duplan Silk Co. v. Lehigh Valley R. R. Co. (C. C. A.) 223 F. 600, 603, where the bill of lading provided:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property * * * unless a lower value has been represented in writing by the shipper or has been agreed upon * * * in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence. [This was printed in the body of the bill.]

"Liability limited to one dollar per pound. The consignor of this property has the option of shipping same at a higher rate without limitation as to value in case of loss or damage from causes which would make the carrier liable, but agrees to the specified valuation named in case of loss or damage from causes which would make the carrier liable, because of the lower rate thereby accorded for transportation." [This clause was stamped on the bill.]

There the carrier was willing to pay and paid the libelant the difference between the silk in its damaged condition and the quantity of 3,319 pounds, at the valuation of $1 per pound. The cargo owner contended the loss should be prorated over the entire shipment. It was agreed by counsel that the clause was not a mere limitation clause. This court held that the printed clause provided that the loss or damage should be computed on a basis of the real value of the property unless a lower one had been agreed upon, in which event the lower value would be the maximum amount to govern computation, and this means that, when the computations were made, the maximum value placed upon the goods should be the agreed value; that the stamped clause which provided for making the conventional valuation of the property meant that, when the loss or damage was computed, the valuation of the goods "shall be *not the real value* but the *specified value*."

In this class of cases the terms of the bill of lading are controlling. This bill of lading, it will be observed, provides that the damages shall be computed on the basis of an agreed valuation which is made the "maximum amount to cover such computation." The words, "mutually agreed that the value of each package shipped hereunder does not exceed $100," express the agreed valuation. But the parties did not stop there, for they added, "and the carrier's liability shall in no case exceed that sum," which are words of limitation and import that appellee is entitled to recover all damages up to the amount of the agreed value of $100. Hart v. Penn. R. Co., supra. The agreed valuation seems to have been intended to fix the freight rate and also a limit above which a recovery cannot be had. In Calderon v. Atlas Co., 170 U. S. 272, 18 S. Ct. 588, 590, 42 L. Ed. 1033, the agreement was that the carrier should not be liable for articles of merchandise "which are above the value of $100 per package, unless bills of lading are signed therefor, with the value therein expressed, and a special agreement is made." The court refused to construe the words used to mean "beyond the sum or value of $100 per package," and said: "Under this interpretation there is a clear attempt on the part of the carrier to exonerate itself from all responsibility for goods exceeding the value of $100 per package. Such exemption is not only prohibited by the Harter act, but is held to be invalid in a series of cases in this court, culminating in Chicago, Milwaukee, etc., Railway v. Solan, 169 U. S. 133, 135, 18 S. Ct. 289, 42 L. Ed. 688 * * *."

In Brown v. Cunard Steamship Co., 147 Mass. 58, 60, 16 N. E. 717, 719, Justice

858

Holmes said: "The following words, 'the liability shall not exceed,' etc., are apt words to express the outside limit of the sum to be recovered; but both the particular words and the whole structure of the sentence are most inapt to express a stipulation that if the goods are still equal to the invoice value there shall be no recovery at all."

We approved this excerpt in The Styria, 101 F. 728, 735.

In Hart v. Penn. R. Co., supra, the plaintiff shipped horses under a bill of lading which provided a freight rate and an agreed valuation of horses or mules not exceeding $200 each. One horse was killed and the others were injured. At the trial, the actual value of the horse killed was shown to be $15,000 and the others injured were worth $3,000 to $3,500 each. The court, in limiting the recovery, said: "The limitation as to value has no tendency to exempt from liability for negligence. It does not induce want of care. It exacts from the carrier the measure of care due to the value agreed on. The carrier is bound to respond in that value for negligence. The compensation for carriage is based on that value. The shipper is estopped from saying that the value is greater. The articles have no greater value for the purposes of the contract of transportation between the parties to that contract. The carrier must respond for negligence up to that value." 112 U. S. 331, 340, 5 S. Ct. 151, 156, 28 L. Ed. 717.

In Kansas City Southern Ry. v. Carl, 227 U. S. 639, 651, 33 S. Ct. 391, 394, 57 L. Ed. 683, the court said: "But when a shipper delivers a package for shipment and declares a value, either upon request or voluntarily, and the carrier makes a rate accordingly, the shipper is estopped, upon plain principles of justice, from recovering, in case of loss or damage, any greater amount."

In Reid v. Fargo, 241 U. S. 544, 36 S. Ct. 712, 715, 60 L. Ed. 1156, where the bill of lading expressly limited the liability to $100 for each package shipped, the court held that the libelant could recover from the carrier "to the amount of $100, to which its liability was limited, as stated in the bill of lading." See, also, Mo. Kansas & Texas Ry. Co. v. Harriman, 227 U. S. 657, 33 S. Ct. 397, 57 L. Ed. 690; N. Y., Phila. & Norfolk R. R. Co. v. Peninsula Produce Exchange, 240 U. S. 34, 36 S. Ct. 230, 60 L. Ed. 511, L. R. A. 1917A, 193; Western Transit Co. v. Leslie & Co., 242 U. S. 448, 37 S. Ct. 133, 61 L. Ed. 423; Southern Pacific Co. v. Stewart, 233 F. 956 (C. C. A. 9).

Having accepted the benefit of the low rate dependent upon the valuation of $100, appellees are estopped from asserting a higher valuation (Amer. Ry. Express v. Lindenburg, 260 U. S. 584, 43 S. Ct. 206, 67 L. Ed. 414), but, having sustained loss, they are entitled to recover such loss to an extent not to exceed $100 per package for the damage to each package.

Decree affirmed.