HAMMOND LUMBER COMPANY ET AL. v. ILLGES ET AL.

[No. 14,452. Filed June 1, 1933. Rehearing denied September 28, 1933.]

*Thad M. Talcott, Jr.,* and *Shively & Arnold,* for appellants.

*Smith, Rees & Smith, Osborn & Osborn, Salwasser & Salwasser,* and *Darrow, Rowley & Shields,* for appellees.

DUDINE, J.—Appellee Illges filed a complaint against appellee Blackstone, together with an affidavit and bond

in attachment on June 22, 1929. A summons and writ of attachment were issued, and served upon appellee Blackstone, and certain property of his was duly attached, all on the same day. Two days later appellee Blackstone filed a restitution bond with the sheriff, who on that day approved and accepted the bond and released the property which had been attached. Each of the appellants thereafter filed claims under in said proceeding. Thereafter appellee Blackstone filed an answer to the complaint of appellee Illges. On October 22, 1930, a judgment for $1,977.80 was rendered against appellee Blackstone and in favor of appellee Illges on said complaint. There was no adjudication as to the proceedings in attachment.

On December 6, 1930, appellee Blackstone appeared specially and filed a verified motion to strike the claims of the under claimants from the files in this cause, which motion was sustained by the court, and to which ruling appellants excepted.

On April 25, 1930, appellees Raymond H. Fernald and D. B. Nigg, as intervenors, with consent of the court, filed their answer, which recited that they were the owners in fee simple of the real estate which was attached in this proceeding, and prayed a dissolution of the writ of attachment. Nothing further was done on this issue.

Appellants appeal from the action of the lower court, sustaining the motion of appellee Blackstone, to strike the claims of appellants from the files in this cause. The assignment of errors contains twelve alleged errors. All of them are in effect that the court erred in its ruling on said motion, or in striking said claims, and each of them, from the files.

Appellee contends that this court is without jurisdiction because there was no judgment below as to appellants,—and no appeal could be taken.

We quote with approval a head note taken from *Voor-*

*hees* v. *The Indpls. Car and Mfg. Co.* (1895), 140 Ind. 220, 39 N. E. 738. "A final judgment or order from which an appeal can be taken, within the meaning of the civil code, is such a judgment or order as makes a final disposition of the case."

In attachment proceedings, as in the settlement of estates, the filing of each claim forms a separate issue, and a claimant whose claim has been dissolved does not have to wait until all claims·are determined, before he has the right of appeal. On the contrary law favors an immediate appeal, if an appeal is to be taken,—to avoid delay in the settlement of the estate.

An order striking out a claim is a disposition of it which is just as final as a judgment disallowing the claim. In either event the claimant is "out of court," and his only recourse is to appeal. See *Metzger* v. *Hamp* (1927), 86 Ind. App. 214, 156 N. E. 582; *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706.

Said motion to strike appellant's claims from the files, alleged that appellee Blackstone was a non-resident of Indiana, that no summons had been issued or served upon him, and no notice of publication had been issued notifying him of the pendency of said claims. It further alleged the facts above set forth in this opinion.

Appellee Blackstone's motion to strike appellant's claims from the files in this cause, alleged that, "On the 24th day of June, 1929, this defendant (Appellee Blackstone) filed with the sheriff of LaPorte county a restitution bond with the Constitution Indemnity Company of Philadelphia, as surety thereon, which bond was accepted and approved by the sheriff of LaPorte county and the attachment upon the personal property of this defendant was released." No counter affidavit was filed, and the record shows no objections

made to the restitution bond. The record shows that final judgment in the cause was rendered October 22, 1930, long after the date when, appellee alleged in said motion,—that he had filed his restitution bond. Assuming said allegations to be true, and assuming that said restitution bond was proper in form, all of which we must assume, under the circumstances in this case, and taking into consideration the fact that the record shows that final judgment was rendered after said bond was filed, we hold that all the requirements fixed by said statute for the restitution of the attached property were complied with, and that said property was legally released to appellee Blackstone.

Appellant contends the tender of the restitution bond by appellee Blackstone and the acceptance of it by the sheriff did not ipso facto dissolve the attachment.

Wade, in his treatise on Attachment and Garnishment, on page 334, says: "Foreign attachment is in some states regarded as a kind of process in personal actions to compel appearance by defendants, . . . Whether its object be to compel appearance or not, when the bond is given by the defendant and the property is released, *the attachment is ipso facto dissolved.*" (Our italics.)

He proceeds further on page 335 of said treatise, as follows: "The requisite bond being tendered, the court no longer has any control of the property. No third person can intervene after the release to avail himself of the pendency of the action to have his claims to the property adjudicated. . . ."

Drake, in his treatise on "Law Suit by Attachment," on page 301, says that a restitution bond "is available to the plaintiff only, for the satisfaction of such judgment as he may obtain against the defendant. . . . Third parties claiming the attached property can have no recourse upon the bond, there being no privity between them and the obligors."

The Supreme Court of this state reasoned in accordance with said statements by Wade and Drake in *Gass et al.* v. *Williams et al.* (1874), 46 Ind. 253, 257, when it quoted with approval from the brief of counsel for appellees, a statement which referred to a section of the statutes then in force which is identical to sec. 999, Burns 1926 (§788, Baldwin's 1934). This statement was: "It will be seen that in the case provided by Section 172, the attachment is discharged, restitution of the property is made to the defendant, and thereafter there can be no issue in attachment to be determined. The attachment falls."

This same reasoning was followed by this court in *Beck et al.* v. *Lang et al.* (1896), 15 Ind. App. 503, 505, 44 N. E. 555, and in *Eberhart* v. *Eyre-Shoemaker* (1922), 78 Ind. App. 658, 665, 134 N. E. 227, wherein this court held that where an attachment has been discharged by filing a restitution bond a third party cannot intervene with a claim and file under the attachment, and recover judgment thereon against the obligors in the bond, which by its terms, and following the statute, is solely for the protection of another.

We think it would be entirely unreasonable to hold that third parties could continue to file claims under, after the attached property is released, because that would subject the sureties on the restitution bond to liability for all of the debts of the defendant in attachment, and not merely to the claims of attaching creditors, who filed before the property was released.

Appellants, in their reply brief, contend that *Eberhart et al.* v. *Eyre-Shoemaker et al., supra,* is not applicable and contend that it is held in that case that a proceeding in attachment becomes an action in rem upon the filing of the restitution bond *and after the discharge of the attachment.* We think appellant's contention is in effect that said case is distinguishable from the instant

case, because in that case the *court* approved the restitution bond and discharged the garnishee of the attached property and made a record thereof before the underfiling claimant filed his claim, while in the instant case the matter was not referred to court, and no record was made of the acceptance of the bond or release of property before the underfiling claimants filed their claims.

That distinction does not make said decision inapplicable to this cause. Sec. 999, *supra*, clearly provides that, If the defendant . . . at any time before judgment, shall execute a written undertaking to the plaintiff . . . *to be approved by the court, clerk or sheriff* . . . the attachment shall be discharged. . . ." It does not say that it must be referred to the court or that a record thereof must be made, before the attachment is dissolved. (Our italics.)

No reversible error having been shown the ruling of the court sustaining appellees motion to strike said claims under, from the files in said cause, is affirmed. Smith, J., not participating.