Joe E. Christensen et al., trading as Christensen Brothers, Defendants in Error, v. Chicago, Milwaukee & St. Paul Railway Company, Plaintiff in Error.

### Gen. No. 20,769.

1. CARRIERS, § 242*—*what limitation of liability as to stock transported may be entered into.* A shipper may fix the value of his stock less than the actual value thereof, in order to obtain the lower of two or more tariff rates, and in the event of loss in the value of stock in transit, through the negligence of the carrier, the shipper may recover from the carrier whatever loss he has sustained up to the limit of value first placed upon such stock at the time of shipment.

2. CARRIERS, § 45*—*what is effect of bill of lading.* The parties to a contract in a bill of lading by which the carrier is to pay for any loss or damage, not exceeding $30, for each animal shipped are bound by it.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

J. N. DAVIS and C. S. JEFFERSON, for plaintiff in error; H. H. FIELD, of counsel.

EUGENE L. GAREY and ARCHIE J. DEUTSCHMAN, for defendants in error; FRANK D. FULTON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a common carrier case and involves the construction of the bill of lading for the carriage by defendant of two cows belonging to plaintiff, which, for the purposes of carriage and fixing the carrier's charges, were valued at $30 each. There is no contention of fact, as the facts are all agreed upon in a stipulation upon which the cause proceeded to trial before the court without a jury, resulting in a finding and judgment against defendant in the sum of $60, to reverse which defendant sued out this writ of error. The provision of the bill of lading calling for our interpretation reads as follows:

"It is agreed, and this contract is upon the condition, that the value of the live stock so to be transported is as herein below named, and the liability of the company for any loss, injury or damage for which it may be responsible, shall be to the extent only of such agreed valuation, upon which the rate of compensation for the transportation of said property is based:
Cows or heifers                           $30.00 each."

Defendant admitted that through its negligence both cows were injured in excess of $30 each, the limitation of their value fixed in the bill of lading . The shipment was interstate, but the laws of the United States regulating interstate transportation are in no way involved.

The learned trial judge held as a matter of law that: "A shipper may fix a value on his stock less than the actual value thereof, in order to obtain the lower of two or more tariff rates and in the event of loss in the value of such stock while in transit, through the negligence of the carrier, the shipper may recover from the carrier whatever loss he has sustained up to the limit of value first placed upon such stock at the time of shipment." Defendant, however, requested the court to hold as the law of the case, "that under the written contract between the plaintiff and defendant, and the tariffs of which it is a part, the plaintiff is not en-

564   APPELLATE COURTS OF ILLINOIS.

Christensen v. Chicago, Milwaukee & St. P. Ry. Co., 194 Ill. App. 562.

titled to fix a valuation on the cows, for the purpose of securing the lower of two lawful transportation rates, and another value on the cows for the purpose of adjusting a claim with the defendant for damage to said cows occurring during the course of transportation," which the court refused to do.

While the precise question here involved has not as yet received an interpretation by the Supreme Court of this State, yet we are not without precedent, as the Federal Supreme Court and some of the State Supreme Courts, as will hereafter appear from the decisions which we cite, have been confronted with this same character of controversy for decision. While these decisions are not in entire harmony and some of the cases cited by defendant would seem to hold contrary to the *Nelson, Hart, Croninger* and *Brown* cases, *post,* cited, still we are of the opinion that the holding of the trial judge is supported by the undoubted weight of authority and is the law of the case. The Federal decisions are in complete accord on this subject and are controlling of the conclusions to which we have arrived. This being an interstate commerce transaction, the Federal decisions are the measure of the law to be followed in the interpretation.

The contract in the bill of lading is to pay for any loss or damage not exceeding $30 for each animal,—not for a total loss or damage, but for any loss or damage. Such are the terms of the contract, and by it the parties are bound.

This proposition is well stated in *Nelson v. Great Northern Ry. Co.,* 28 Mont. 297, and is as apt to the decision of this case as to that. The court say: "No question is made as to the liability of the carrier for the full value of the property so fixed in case of total loss, but it is claimed that in case of injury the carrier is liable for only a proportion of the amount, taking the stipulated value as the basis of calculation. To say that the phrases 'loss of property' and 'injury to

property' have the same signification is to declare them synonymous, when in fact they are not. The one means a total destruction or loss of property, the other means a partial loss or destruction; and in case of injury a value may yet remain in the property, equal to or exceeding the stipulated value." Neither in this case are "loss" and "damage" synonymous any more than "loss" and "injury" were in the *Nelson* case, *supra,* and by interpretation we hold they have the same meaning when used in a contract of the same nature, as is the contract in the case at bar.

The initial case in the Federal Court on this subject is *Hart v. Pennsylvania R. Co.,* 112 U. S. 331. In that case the shipper shipped five horses in one car, on which the carrier, by the terms of the bill of lading, assumed the liability of $200 for each horse or $1,200 for the carload. One horse was killed and four injured through the negligence of the carrier. The horses were valuable race horses and the shipper sought to recover their real value from the carrier, but the trial court held that the shipper was limited in his recovery by the terms of the bill of lading, and charged, *inter alia:* "It is competent for a shipper, by entering into a written contract, to stipulate the value of his property, and to limit the amount of his recovery in case it is lost. This is the plain agreement, that the recovery shall not exceed the sum of $200 each for the horses, or $1,200 for a carload. It is admitted here, by counsel for the defendant, under this charge, that the plaintiff is entitled to recover a verdict for $1,200, and also, under the charge of the court, the plaintiff agrees that that is all. It is simply your duty to find a verdict for that amount," to which charge the plaintiff excepted.

The Supreme Court held that it was just to hold the shipper to his agreement, that compensation for carriage was based on the value fixed in the bill of lading, and that the carrier was responsible for negligence up to that value, and said: "It is just and reasonable that

such a contract, fairly entered into, and where there is no deceit practiced on the shipper, should be upheld. There is no violation of public policy. On the contrary, it would be unjust and unreasonable and would be repugnant to the soundest principles of fair dealing and of the freedom of contracting, and thus in conflict with public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and to repudiate it in case of loss.''

The court further held that damages, in case of a breach, may be liquidated in advance, and the court concludes its opinion with the following observations: ''The distinct ground of our decision in the case at bar is, that where a contract of the kind, signed by the shipper, is fairly made, agreeing on the valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation, even in case of loss or damage by the negligence of the carrier, the contract will be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations.''

*Adams Exp. Co. v. Croninger*, 226 U. S. 491, adopts the doctrine of the *Hart* case, *supra,* and quotes therefrom the following: ''The limitation as to value has no tendency to exempt from liability for negligence. It does not induce want of care. It exacts from the carrier the measure of care due to the value agreed on. The carrier is bound to respond in that value for negligence. The compensation for carriage is based on that value. The shipper is estopped from saying that the value is greater. The articles have no greater value, for the purposes of the contract of transportation, between the parties to that contract. The carrier must respond for negligence up to that value.''

These two Federal cases are so analogous on fact

and principle to the case at bar that they must be held to be conclusive of our decision.

*Brown v. Cunard Steamship Co.*, 147 Mass. 58, was a case of limitation of liability in a bill of lading where the limit was $100, and the court said: "As we read the contract, the damages are to be ascertained in the usual way, by finding the difference in value between each package as damaged and the same undamaged, and these damages are to be paid by the defendants up to but not exceeding $100, when the value is not declared, or, in this case, up to but not exceeding the invoice value."

The ruling of the trial court as to the measure of damages assessable under the limitation of liability in the contract between the parties in the case at bar is supported by the weight of authority and in our opinion is without error, and the judgment of the Municipal Court is therefore affirmed.

*Affirmed.*