Lewis v. Chicago & Northwestern Railway Co., 199 Ill. App. 438.

## Ed. Lewis, Defendant in Error, v. Chicago & Northwestern Railway Company, Plaintiff in Error.

## Gen. No. 21,102.

1. CARRIERS, § 242*—*when stipulation in bill of lading limiting liability to declared value not bar to recovery.* Provision in bill of lading that in case of loss or injury to shipment of live stock the liability of the carrier shall not exceed the valuation of shipment stated in the bill of lading simply limits the liability of the carrier to the amount of such valuation and permits recovery even where the goods in their damaged condition exceed in value the valuation stated in the bill of lading.

2. CARRIERS, § 234*—*when carrier relieved from liability for delay in shipment of cattle caused by congested traffic.* To relieve a carrier from liability for delay in delivering shipment of cattle caused by congested traffic, it is not sufficient that the particular degree of congestion which occurred was not foreseeable, but it must

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

further appear that the carrier could not reasonably have foreseen the danger of a degree of congestion sufficient to cause such delay.

3. APPEAL AND ERROR, § 1414*—*when judgment not disturbed as against manifest weight of evidence.* Where after careful examination of the evidence the reviewing court is unable to say the judgment is contrary to the manifest weight of the evidence, judgment will be affirmed.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

CHARLES A. VILAS and IRA C. BELDEN, for plaintiff in error; WILLIAM G. WHEELER, of counsel.

FULTON, GAREY & DEUTSCHMAN, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

This writ of error is sued out to reverse a judgment obtained by the defendant in error for damages alleged to have been the result of delay in transporting a shipment of cattle from Anoka, Nebraska, to Chicago. Plaintiff below loaded his cattle about ten o'clock Friday morning, the shipment arrived in the Missouri River Valley at ten o'clock the following morning, and according to plaintiff's contention, should have gone forward at nine o'clock that evening; they did not, however, go forward until four hours later. As the result of this delay the stock did not arrive in Chicago until between five and six o'clock Monday morning, and it was not possible to get them to the yards until some time in the afternoon, too late for sale.

We think the evidence amply sustains the finding of the court that this fact resulted in a loss to the plaintiff of $148.56, which is the amount of the judgment. The plaintiff in error, however, contends that the plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

440      APPELLATE COURTS OF ILLINOIS.

Lewis v. Chicago & Northwestern Railway Co., 199 Ill. App. 438.

below is not entitled to recover because of the following provisions in the bill of lading:

"Liability limited to the declared valuation by shippers, which must be inserted in this Live Stock contract in the space provided below. The rates on Live Stock are based on the following valuations:

\*     \*     \*     \*     \*     \*     \*     \*

"It is understood by the shipper that all said tariff rates are based in part upon the value of the animals shipped and that if the animals are of greater value than that printed above a higher rate will be charged, and unless shipper has declared the value of the animals to exceed the values printed above, then it is understood that he hereby declares and it is agreed that the value of the animals shipped does not exceed of their kind, per head the above printed valuation.

\*     \*     \*     \*     \*     \*     \*     \*

"And it is agreed between the owner and the shipper and the Chicago & North Western Railway Company that if injury results to said animals from any negligence on the part of said Railway Company, the valuation thereof shall in no case exceed the valuation above named, and the liability of said Railway Company shall not exceed said valuation."

As the evidence shows that notwithstanding the actual damage to the cattle in question, they brought a sum in excess of the valuation stated in the bill of lading, the defendant contends that the terms of the bill of lading preclude any recovery. In our opinion this contention cannot be sustained. This court has decided in *Christensen v. Chicago, M. & St. P. Ry. Co.,* 194 Ill. App. 562, that the sole effect of provisions in a bill of lading similar to the one in the case at bar is to limit the liability of the carrier to the amounts named, and permits a recovery in a case where the goods in their damaged condition still exceeded in value the amount stated in the bill of lading. We are in entire accord with this ruling.

Defendant further contends that the proximate cause of the failure to get plaintiff's cattle to market

Lewis v. Chicago & Northwestern Railway Co., 199 Ill. App. 438.

in time for sale Monday was an unexpectedly congested condition of the stock lines, and not its delay of four hours in transit. The evidence is clear that plaintiff loaded and shipped his cattle early enough to insure, by an ample margin, their timely arrival at the stock yards in Chicago, but that defendant of its own volition delayed the shipment four hours en route, and that but for this delay the cattle would have been in time for the Monday market. Counsel asks us to say that the evidence shows that this congestion was unforeseeable. Testimony offered in its behalf, however, showed that such, and even greater, congestion had occurred before, and, it might easily be inferred, was liable to occur again; moreover, if it were to be assumed that the particular degree of congestion which occurred was not foreseeable, that would not be sufficient, unless it further appeared that defendant could not reasonably have foreseen the danger of a degree of congestion sufficient to imperil the marketing of plaintiff's cattle. In other words, it might well be that even if the extent of the congestion on the morning in question could not have been foreseen, nevertheless, it might be that the defendant could have foreseen the danger of a degree of congestion sufficient to make the marketing of the cattle uncertain. It was not at all a question of whether there probably would or would not be congestion sufficient to imperil the marketing of the cattle, but whether the danger of such a degree of congestion was reasonably foreseeable. The jury were fully and, we think, properly instructed upon the question of negligence, unreasonable delay, and proximate cause, and by its verdict has, therefore, necessarily found these questions adversely to the defendant. After a careful examination of the evidence, we are unable to say that its conclusions are contrary to the manifest weight of the evidence. The judgment will be affirmed.

*Affirmed.*