JESSWEIN ET AL. *v.* LASALLE STATE BANK ET AL.

[No. 15,075.   Filed November 8, 1935.]

*Orie Parker* and *Joseph J. Kovacs,* for appellants.

*Potts & Rieder,* for appellees.

DUDINE, C. J.—The State of Indiana on relation of

appellee LaSalle State Bank, instituted this action against the other named appellees to mandate said commissioners, auditor, and treasurer of St. Joseph county to pay to appellee LaSalle State Bank a balance of $655.00 due a certain rock road contractor for construction of a road improvement under a contract entered into by and between said contractor and appellee commissioners, and which balance appellee LaSalle State Bank claimed by virtue of an assignment allegedly executed to it by said contractor.

Appellants filed a petition to intervene, which was denied, whereupon appellants filed an amended petition to intervene.

In said amended petition appellants alleged:

"That during the course of said construction these petitioners furnished to the said contractor forty-three hundred sixty-eight (4,368) yards of gravel for which the contractor agreed to pay these petitioners the sum of six hundred fifty-five dollars twenty cents ($655.20), which was the value of said gravel thus furnished at said time, and that said sum is still due and unpaid.

"That in due course of the construction of said road by said contractor, said quantity of gravel furnished by these petitioners was properly certified by the engineer and by said contractor as being correct and the board of county commissioners was informed before the acceptance of said work of the amount of gravel furnished by these petitioners and of the amount of their bill and said board of county commissioners set aside and appropriated for the payment of said bill the said sum of six hundred fifty-five dollars twenty cents ($655.20) out of the moneys appropriated for the construction of said highway."

Said petition further alleged that the board of county commissioners stood ready to order a warrant to be issued to the petitioners, but refrained from doing so because one Merlin T. Calif claimed said money, and after it was finally determined by a decision of this

court that Calif had no interest in said fund, then appellee LaSalle State Bank claimed the money and instituted this proceeding. The petition prays that appellants be made party defendants in the cause.

The court denied appellants' amended petition to intervene, reserving an exception to appellants.

The issues being closed by a general denial, the cause was submitted to the court for trial without the intervention of a jury, and the court found for appellee LaSalle State Bank and rendered judgment that appellee auditor execute his warrant in said amount payable to the bank and that appellee treasurer honor and pay the warrant upon proper presentation.

The record, after showing said finding and judgment, proceeds as follows:

"And now the petitioners Gottfried Jesswein and Augusta Jesswein pray an appeal to the Indiana Appellate Court on the adverse ruling of the court on their petition to intervene in this cause, which appeal is hereby granted by the court. . . ."

Thereupon this appeal was perfected, the errors assigned and discussed in appellants' brief being: (1) error in overruling said amended petition to intervene; (2) error in refusing the application of appellants to be made parties defendant.

Appellee LaSalle State Bank has filed a motion to dismiss this appeal on the ground that the questions presented are moot.

In support of its said motion, appellee avers that the remedy sought in the cause was a writ of mandate, that the writ prayed for has been issued, that the money has been paid to appellee LaSalle State Bank, and that no other funds due said contractor on said contract are being withheld by said board of commissioners.

The motion to dismiss the appeal refers to the wrong "judgment." The motion refers to the judgment on the

issues between appellee LaSalle State Bank as plaintiff, and the other named appellees as defendants. The appeal is from an entirely different "judgment" or order of the court; it is an appeal from the "judgment" or order of the court that appellants be not permitted to intervene. Since the motion to dismiss does not refer to the "judgment" or order appealed from, the motion should be and is now overruled.

That an order of court denying a petition to be made a party to a cause is a "final judgment" from which an appeal may be taken has been specifically held by this court in *North. Ind. Land Co. v. Brown* (1914), 182 Ind. 438, 106 N. E. 706. See also *Metzger et al.* v. *Hamp et al.* (1927), 86 Ind. App. 214, 156 N. E. 582; *Voorhees* v. *Indpls. Car and Mfg. Co.* (1895), 140 Ind. 220, 39 N. E. 738; *Hammond Lumber Co.* v. *Illges et al.* (1933), 97 Ind. App. 449, 185 N. E. 872.

There is but one question presented by this appeal, and that is whether or not the court committed reversible error in refusing to allow appellants to intervene as parties defendant in this cause. Appellants contend that the intervening petition alleges that they had such interest in said money in the hands of the board of county commissioners that a complete determination of the rights involved by the cause required that appellants be made parties. Appellants cite Sec. 6121, Burns 1926 (Sec. 53-201, Burns 1933, §14084, Baldwin's 1934) in support of their said contention.

That statute provides that when a public highway improvement is being constructed under contract at the expense of the county, the county commissioners shall withhold final payment to the contractor until he has paid the sub-contractors and materialmen for the

material furnished and labor employed in the construction, "provided that such . . . materialmen . . . shall file with any such board (of county commissioners) . . . their claim within sixty (60) days from the last . . . material furnished. . . ."

Said statute further provides that, "Where there is a dispute between any of the parties claiming to be entitled to such funds so withheld, or any part thereof, sufficient funds shall be retained by such board (of county commissioners) . . . until such dispute is settled . . . when payment shall be made as aforesaid."

If appellants had furnished gravel, as alleged in their amended petition to intervene, and had complied with said proviso, they would thereby have taken the necessary steps to establish a lien against said money in the hands of the county commissioners, and clearly, under said statute, the board of county commissioners would have been compelled to retain said money until the conflicting claims of appellee LaSalle State Bank and appellants had been settled.

Appellants did not allege in their said petition that they had filed their claim with the board of commissioners within sixty days after their last material was furnished; hence they did not allege a compliance with said proviso, nor did they allege that they had a lien or interest in said money by virtue of Sec. 53-201, Burns 1933, *supra*.

The amended petition to intervene does not allege facts showing that appellants had such an interest in the money that a complete determination of the rights involved in the cause could not be determined without making appellants parties to the cause, therefore the court did not commit error in denying said petition to intervene.

Appellants discuss other contentions with reference to the judgment rendered on the issues between appel-

lee LaSalle State Bank as plaintiff and the other appellees as defendants, but, having determined that the court did not commit error in denying appellants' petition to intervene, we hold that appellants can not present such questions for review by this court.

Judgment affirmed.

Bridwell, J., concurs in result only.