KUNKEL, WARDEN *v.* MONEYHON.

[No. 27,057. Filed November 1, 1938.]

*Omer S. Jackson,* Attorney-General, *A. J. Stevenson,* Assistant Attorney-General, and *James K. Northam,* Deputy Attorney-General, for appellant.

*Crumpacker & Storen,* for appellee.

FANSLER, J.—This is an appeal from a judgment of the Superior Court of LaPorte County discharging the appellee from the custody of the appellant in a habeas corpus proceeding.

The appellee's petition for the writ of habeas corpus alleges that he was convicted in the Fayette Circuit Court of the crime of embezzlement and sentenced to be imprisoned in the Indiana State Prison for an indeterminate period of not less than two nor more than twenty years, and that by virtue of that judgment he was confined and held by the defendant; that the judgment and sentence of the Fayette Circuit Court was *erroneous* for the reason that the statute in force at the time provided

for a determinate sentence. Appellant made return to the writ in three paragraphs. In the first it is alleged that the petitioner was held by a commitment duly issued by the Circuit Court of Fayette County, and a copy of the writ, regular on its face, is exhibited. In the second paragraph it is admitted that the judgment upon which the commitment issued is erroneous, but asserted that the judgment cannot be attacked in a collateral proceeding when the court entering the judgment had jurisdiction of the person of the petitioner and the subject-matter of the action. It is further alleged in this paragraph that an erroneous sentence cannot be corrected under the provisions of chapter 204 of the Acts of 1937 (Acts 1937, p. 1014) for the reason that the act is unconstitutional. The third paragraph also denies that the legislative act last mentioned furnishes authority to review the judgment in question.

The facts were stipulated. The regularity of the commitment is not questioned. That the Fayette Circuit Court had jurisdiction of the person of the petitioner and of the subject-matter of the action and of the particular case is not disputed, and it is stipulated as a fact that the judgment was erroneous, and that the petitioner should have been sentenced to a determinate period of imprisonment rather than to an indeterminate period.

The court found that the appellee is unlawfully restrained of his liberty, and there was a judgment discharging him from the custody of appellant. A motion for a new trial was overruled, and the ruling is assigned as error here.

Chapter 204 of the Acts of 1937 (Acts 1937, p. 1014), *supra*, provides that if, through some oversight, mistake, or otherwise, a defendant convicted of a crime shall be sentenced to a penal institution for a determinate period for an offense for which he should have

been sentenced for an indeterminate period, such sentence shall not be void, but the defendant shall be deemed to be sentenced for an indeterminate period as prescribed in the act under which he should have been sentenced; and if any defendant shall be sentenced for an indeterminate period when he should have been sentenced for a determinate period, the defendant shall be deemed to be sentenced for a determinate period.

A final judgment of a court of general jurisdiction, which has jurisdiction of the parties, is conclusive, and such a judgment can only be challenged as erroneous by an appeal, timely taken, to a reviewing court having jurisdiction to determine whether or not there is error. Neither the Legislature nor the courts have power or authority to compromise, set aside, or alter such a judgment in favor of the sovereign in a criminal case. The sovereign state cannot be brought into the Superior Court of LaPorte County, or any other court, to defend the validity of such a judgment, and neither the Attorney-General nor any other officer or body has authority to appear for the sovereign and consent to the review of, or admit that there is error in, such a judgment.

The Legislature has no power or jurisdiction to pass upon the validity of judgments or to determine whether or not a particular judgment is erroneous. It is noted that the act above referred to does not undertake to pass upon or declare any judgment to be erroneous.

The petition rests upon the sole ground that the judgment of the Fayette Circuit Court is erroneous, but it is too well settled for debate that the LaPorte Superior Court has no jurisdiction to decide or pass upon the validity of a judgment of a court of concurrent jurisdiction. *State ex rel. Kunkel et al.* v.

*Circuit Court of LaPorte County et al.* (1936), 209 Ind. 682, 200 N. E. 614.

But it is difficult to see how it can be determined that a judgment is erroneous when there has been no appeal to the only tribunal that has jurisdiction to determine whether there was error. The Fayette Circuit Court had jurisdiction to enter the judgment, and jurisdiction to order the enforcement of it, and after the judgment has become final, and the time for appeal has passed, not even the Fayette Circuit Court has authority to admit that the judgment is erroneous and to set aside its effectiveness.

With the question of whether or not the judgment was erroneous, we have no concern. The record in the original case is not before us, nor are we advised as to the reason which moved the court to sentence the appellee for an indeterminate period rather than a determinate period. It may have been thought that the determinate period statute did not apply or that it is unconstitutional. We do not know, and this court has no jurisdiction to inquire, since there was no appeal. The LaPorte Superior Court never had jurisdiction to inquire, by appeal or otherwise.

The statute above referred to seems to indicate a legislative belief that some defendants have been sentenced otherwise than in the manner contemplated by the statute. If this is so, and the sentences are shorter than contemplated by statute, we know of no power that can extend them. If the sentences are longer than contemplated, and it it thought injustice has been done, the chief executive has power to act, through pardon or commutation. Neither the Legislature nor the courts have power to change the judgment.

The judgment is reversed, with instructions to enter judgment for the appellant.