MONTGOMERY *v.* STATE OF INDIANA.

[No. 27,989.   Filed October 9, 1944.]

*Paul P. Boyle* and *Norval K. Harris,* both of Sullivan, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

PER CURIAM.—Upon an affidavit drawn under § 9-2804, Burns' 1942 Replacement, § 5698, Baldwin's 1934, appellant by a jury in a juvenile court was convicted of encouraging a boy to commit sodomy. In addition to the assignment permitted by § 9-2858, Burns' 1942 Replacement, § 1758-30, Baldwin's 1941, he assigns as error the overruling severally of his motion to quash the affidavit, his motion for change of venue from the judge, and his motion for a new trial in which is raised the question, among others, of the erroneous giving of the same instruction condemned as prejudicial error in *Burris* v. *State* (1941), 218 Ind. 601, 34 N. E. (2d) 298.

By each of the sections above referred to jurisdiction of this appeal is given to the Appellate Court. Anticipating that it, following a long line of its decisions, the latest of which is *Akers* v. *State*, 51 N. E. (2d) 91, will consider itself bound by § 9-2858, *supra*, and refuse to consider these three assignments, he asserts that the section is unconstitutional as class legislation and by raising this question seeks to give us jurisdiction under clause "First," § 4-214, Burns' 1933, § 1356, Baldwin's 1934.

Ordinarily an appellate court does not consider a constitutional question unless by the ruling thereon in the lower court the party raising it has been prejudiced and unless further its decision is necessary to disposition of the appeal. So far, appellant has not been harmed. He is merely anticipating harm by the expected refusal of the Appellate Court to consider his assigned errors. But that court, applying the doctrine of *Warren* v. *Indiana Telephone Company* (1937), 217 Ind. 93, 26 N. E. (2d) 399, may conclude that the legislative limitation in § 9-2858, *supra*, of its powers to review the judgment is unconstitutional denial of

due process. We know of no rule, statutory or otherwise, which inhibits its so holding and accordingly considering and deciding all of appellant's assignments of error. Or it may conclude that the case may be disposed of without the necessity of deciding the constitutionality of the section. In any event the decision and opinion of the Appellate Court may be reviewed by us under the procedure outlined in the Warren case and Rule 2-23, 1943 Revision.

The cause is transferred to the Appellate Court pursuant to § 4-217, Burns' 1933, § 1362, Baldwin's 1934.

NOTE.—Reported in 56 N. E. (2d) 854.