## BOZOVICHAR v. STATE OF INDIANA

[No. 28,851. Filed February 13, 1952.]

*Hunter J. Von Leer,* of Terre Haute, and *Homer D. Ingram,* of Newport, for appellant.

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant Bozovichar was indicted in the Vermillion Circuit Court for murder in the second degree. He later filed a motion in said court, in term time, to be admitted to bail, pursuant to Burns' 1942 Replacement, §9-1035.[1] In said motion he asserts that the proof of his guilt of said alleged crime is not

---

[1] "When any person is indicted for murder, the court in which the indictment is pending, upon motion, or, in vacation, the judge of the circuit or criminal court, upon application by writ of habeas corpus, may admit the defendant to bail, when it appears upon examination that he is entitled to be let to bail. (Acts 1905, ch. 169, §154, p. 584.)"

evident nor the presumption of such guilt strong. Evidence was heard and by the judgment of the court below he was denied the right to bail. He attempts to appeal.

At the outset the State says the issue is not appealable, and it cites in support of that assertion ■ Burns' 1946 Replacement, §2-3218.[2] Article 1, §17 of our State Constitution provides as follows:

"Offenses, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong."

Thus, murder is a bailable offense when the proof of guilt is not evident, or the presumption of guilt strong.

The right to give bail before conviction prevents the infliction of punishment prior to an adjudication of guilt and permits the unhampered preparation of a defense. It is a traditional and a ■ cherished right. Unless that right is preserved, the presumption of innocence, secured only after centuries of struggle, will lose its meaning. *Stack* v. *Boyle* (1951), 96 L. Ed. 7. The denial of the right to give

---

[2] "An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases:

First. For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action.

Second. For the delivery of the possession of real property or the sale thereof.

Third. Granting, or refusing to grant, or dissolving, or overruling motions to dissolve, temporary injunctions, either in term or in vacation.

Fourth. Orders and judgments upon writs of habeas corpus made in term or in vacation. (Acts 1921, ch. 251, §1, p. 741.)"

bail where the proof of guilt is not evident or the presumption of guilt strong would be a deprivation of liberty without due process of law, in violation of the Constitution, which would call for prompt corrective action. *Ex parte McDaniel* (1923), 86 Fla. 145, 97 So. 317.

The State takes the position that "since this is obviously not a final judgment, from its nature, it must be construed as an interlocutory order," and "Since the subject matter of this particular appeal does not correspond with any of the cases enumerated above, in Burns' §2-3218, there is no appealable issue before the court."

The problem presented seems to divide itself into two parts. First, is the nature of the judgment under consideration such that it is appealable; that is to say, does it have that degree of finality which is necessary to an appealable judgment? Second, if it is in its nature appealable, is an appeal authorized under our law?

The rule that an appeal lies only from a final judgment applies in criminal cases. Ewbank's Ind. Crim. Law, 2nd Ed., §787, p. 584. "A final judgment is one which determines the rights of the parties in the suit, *or a distinct and definite branch of it,* and reserves no further question or direction for future determination." (Our emphasis.) *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191; *Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 196 N. E. 129. "A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question." *Sharon* v. *Sharon* (1885), 67 Cal. 185, 196, 7 Pac. 456, 463; *Ebenezer Old People's Home* v. *Bernhard, supra.* For

example, an order denying a petition to be made a party to a cause is a "final judgment" from which an appeal may be taken, *Jesswein* v. *LaSalle State Bank* (1935), 101 Ind. App. 79, 198 N. E. 101, and cases cited. There are cases wherein an issue distinct, entire and complete within itself may be formed; an issue divisible and distinct from all others, the decision of which does not affect the main action. Where an order completely puts an end to the particular issue and fully and finally settles the rights of the parties as to it, then it may be considered as a final judgment and not as a non-appealable interlocutory order. Elliot's Appellate Procedure, §99, p. 79.

Such is the issue involving the right to give bail in murder cases. The right to give bail in such cases when the proof is not evident or the presumption strong is a fundamental right guaranteed by our Constitution. The issue raised by the motion to admit to bail is entirely independent of the issues to be tried on the indictment itself. It cannot be tried when the case is tried. It must be tried before. The final determination of the right of the accused to be admitted to bail must be speedy to be effective. If the decision is not reviewable before trial and sentence under the indictment it is never reviewable, see *O'Brien* v. *United States* (1928), 25 F. 2d 90, and if the decision of the trial court is erroneous and unjust, and not reviewable, then it results in the denial of a constitutional right of the accused which must remain forever unvindicated. The decision of the issue is not temporary. It is terminal. It determines once and for all the rights of the accused in and concerning a distinct and definite branch of the suit, a decision which is not temporary, but which is a final judgment of the issue of his right to bail. When the right of the accused to bail has been determined, a distinct and definite branch

of the case has been decided. Nothing pertaining to that phase of the case is left for future determination.

In *Stack* v. *Boyle, supra,* the petitioners moved to reduce the amount of bail required of them on the ground that the amount of bail as fixed was excessive under the Eighth Amendment. It was there held that the proper procedure for challenging bail as unlawfully fixed was by motion for reduction of bail, and it was further held that an order denying such motion was appealable as a "final decision" under Title 28 USCA, §1291.[3] If an order fixing bail in an unreasonably high amount is a final decision from which an appeal may be prosecuted, it would seem to us that an order denying the right to bail in any amount must likewise be appealable so far as finality is concerned. An accused might somehow succeed in furnishing bail even though the amount as fixed were unreasonably high, but he could obviously not furnish bail if refused the right to do so. We conclude that the decision of the trial court on the issue of bail is a final judgment, appealable as such.

Having reached the conclusion that the judgment under consideration is a final, appealable judgment, we consider whether our law authorizes it to be appealed. As above stated, it was held in *Stack* v. *Boyle, supra,* that the matter of the reasonableness of bail as fixed by the trial court was appealable under an act giving the right of appeal "from all final decisions of the district courts." Our statute

---

[3] "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. June 25, 1948, c. 646, 62 Stat. 929."

extends to the defendant the right to appeal "from *any judgment* in a criminal action against him." (emphasis supplied) Burns' 1942 Replacement, §9-2301.[4] We can see little, if any, difference between the right to appeal from "all final decisions" and the right to appeal from "any judgment in a criminal action." We conclude that the judgment under consideration is appealable under Burns' 1942 Replacement, §9-2301.

We are further of the opinion that the judgment was appealable independently of statute. In this state the lack of an express statutory provision authorizing an appeal is not fatal to the right to appeal. The right to appeal to this court does not exist only by the grace of the legislative branch. It does not depend upon statute. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129; *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338; *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 61 N. E. 2d 168; *State ex rel. Emmert* v. *Hamilton Circuit Court* (1945), 223 Ind. 418, 61 N. E. 2d 182; *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491.

The judgment in the court below denies the appellant relief to which, in appropriate circumstances, he would be entitled under our Constitution. The legislature has not attempted to deprive this court of its constitutional appellate jurisdiction to review such a judgment, nor could it successfully do

---

4 "An appeal to the Supreme Court or to the Appellate Court, may be taken by the defendant as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed. (Acts 1905, ch. 169, §324, p. 584.)"

so, for the Constitution of Indiana guarantees the absolute right to a review by this court. *Warren* v. *Indiana Telephone Co., supra; State ex rel. White* v. *Hilgemann, Judge, supra; Montgomery* v. *State* (1944), 222 Ind. 606, 56 N. E. 2d 854; *City of South Bend* v. *Whitcomb & Keller* (1946), 224 Ind. 99, 64 N. E. 2d 580.

As to the merits of the case, the appellant insists that the circumstances surrounding the occurrence were such that the killing was without malice, and under circumstances that at most could amount to the crime of manslaughter, or was the result of facts and circumstances showing justifiable homicide. He relies particularly on *Ex parte Moore* (1868), 30 Ind. 197.

The facts in that case differ so materially from those in the case at bar that we do not consider it controlling or even helpful in the present situation. We think no good purpose would be served by reciting the evidence. Inasmuch as the appellant is yet to be tried on the indictment it seems more proper not to do so. We may say, however, that the deceased died as the result of knife wounds inflicted by the defendant shortly after the parties had been engaged in a fist fight. The presumption is against the right to be admitted to bail in a murder case. The burden is on the applicant to show that the proof is not evident or the presumption of guilt strong. Ewbank's Ind. Crim. Law, 2nd Ed., §266, p. 157. We have examined the evidence with great care and it has been ably argued to the full court. A jury may indeed take that view of the case now urged by the appellant, but we do not feel justified in disturbing the finding and judgment of the trial court refusing to admit the appellant to bail.

Judgment affirmed.

Gilkison, C. J. and Jasper, J., concur with opinion.

## CONCURRING OPINION

GILKISON, C. J.—I concur in the result of the opinion affirming the action of the lower court, denying bail to the defendant, Bozovichar. But, I think the motion of the attorney-general to dismiss the appeal should have been sustained. Ewbank's Indiana Criminal Law, 2nd Ed., §787, p. 584, cited by the majority opinion, is quite right in saying:

> "The rule that an appeal lies only from a final judgment applies in criminal cases; and merely refusing to quash an indictment, or quashing a part only of the counts of an indictment, or sustaining a demurrer to a special plea of former adjudication, *is not such a judgment as will support an appeal; the court must go farther and make a ruling which disposes of the pending prosecution.* . . ." (My italics).

Nowhere in the excellent treatise did Mr. Ewbank make the statement that in the appeal of a criminal action "A final judgment is one which determines the rights of the parties in the suit, *or a distinct and definite branch of it,* and reserves no further question or direction for future determination." This quotation is from appeals in civil proceedings. Civil proceedings may have a number of branches. But when one is properly charged with crime the only issue before the court is— the guilt or innocence of the defendant—and no final appealable judgment can be had in the case except the judgment determining that question. It has no "branches."

A final judgment from which an appeal may be taken, applicable alike to civil and criminal cases has been defined by this and many other courts, and by the text books as follows:

"A final judgment is one which disposes of the subject matter of the litigation as to the parties so far as the court in which the action is pending has power to dispose of it, and puts an end to the particular case as to all of such parties and all of such issues. *Kalleres et al.* v. *Glover, Receiver* (1935), 208 Ind. 472, 478, 196 N. E. 679, and cases cited; *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Co.* (1906), 167 Ind. 193, 197, 78 N. E. 661; *Northern, etc., Cable Co.* v. *The Peoples Mut. Tel. Co.* (1916), 184 Ind. 267, 270, 111 N. E. 4 and cases cited; *Kunkel, Warden* v. *Moneyhon* (1938), 214 Ind. 606, 609, 17 N. E. 2d 82; *McNelis* v. *Wheeler* (1947), 225 Ind. 148, 152, 73 N. E. 2d 339; *The State, ex rel. Braden* v. *Krug et al.* (1883), 94 Ind. 366, 369, *supra* and cases cited; II Watson's Revision, *Works' Practice*, §2243; *Elliott's Appellate Procedure*, §§90, 91; 2 Gavit, *Indiana Pleading and Practice*, §523, pp. 2572, 2573." *Todd* v. *State* (1951), 229 Ind. 664, 690, 691, 101 N. E. 2d 45. See also *State* v. *Derry* (1908), 171 Ind. 18, 85 N. E. 765; *Thomas, Administrator* v. *The Chicago and Erie Railway Company* (1894), 139 Ind. 462, 463, 39 N. E. 44; *Ind. Nat. Bk. of Indianapolis* v. *Danner, Rec.* (1930), 204 Ind. 709, 711, 170 N. E. 327; *The Western Union Telegraph Company* v. *Locke, Administrator* (1886), 107 Ind. 9, 11, 7 N. E. 579; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 207, 209, 82 N. E. 461; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 514, 82 N. E. 1037; *Ewbank's Manual of Practice*, 2d Ed., §20, p. 23. 4 C. J. S., Appeal and Error, §94, p. 184.

An interlocutory order has been well defined by this court and the text writers thus:

"An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order." *Derry* v. *State* (1908), 171 Ind. 18, 27, *supra; Pfeiffer et al.* v. *Crane, Guardian* (1883), 89 Ind. 485, 487; *Ind. Nat. Bk. of Indianapolis* v. *Danner, Rec.* (1930), 204 Ind. 709, 711 and cases cited, *supra; The Western Union Telegraph Company* v. *Locke, Administrator* (1886),

107 Ind. 9, 11, *supra; Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 209, *supra; Elliott Appellate Procedure,* §§83, 84, pp. 67, 68; §99 last sentence p. 80; *Ewbank's Manual of Practice,* §20, p. 23.

The order from which this appeal is attempted to be taken came about as follows: Appellant being charged by indictment in the court below with murder in the second degree, filed his verified motion to be let to bail under §9-1035, Burns' 1942 Replacement. He did not present the matter by way of habeas corpus[1] as he had a right to do (and from an adverse decision in which he would have had a right to appeal by virtue of the statute, Cl. Fourth, §2-3218, Burns' 1946 Replacement). After hearing evidence on the motion, the court made the following ruling and order:

> "The court having heard evidence on defendant's petition to be admitted to bail and having heard argument of counsel and being duly considered and advised, now overrules said petition and defendant is ordered retained in the custody of the Sheriff of Vermillion County until the further order of the court."

No other order and no judgment has been made or rendered in the case. It will be noted that the defendant is ordered held only "until the further order of the court." The matter attempted to be appealed from has not been finally determined by the trial court. It is still *in fieri.*

The order has none of the elements of a final judgment. It does not dispose of the subject matter of the litigation so far as the court in which the action is pending has power to dispose of it. It does not put an end of the case as to the parties—the state and the defendant—nor does it put an end to all the pend-

---

[1] Section 3-1902, Burns' 1946 Replacement.

ing issues in the case. On the contrary the order in question has all the elements of an interlocutory order. It is an order of the court made in the progress of the cause, requiring something to be done—the detention of the defendant. There is nothing whatever in the order determining the controversy between the parties. The case remains on the court's docket to be hereafter tried, and the particular interlocutory matter is still *in fieri* in the trial court.

In Indiana the right of appeal is statutory. Civil appeals are covered by §2-3201, Burns' 1946 Replacement and Criminal appeals by §9-2301, Burns' 1942 Replacement. When an appeal is taken from a final judgment in a criminal case, "any decision of the court or intermediate order made in the progress of a case may be reviewed." But no separate appeal may be taken from an interlocutory order made during the progress of the case except such as are provided for in the four clauses of §2-3218, Burns' 1946 Replacement. *State* v. *Derry* (1908), 171 Ind. 18, 26, *supra; Pfeiffer et al.* v. *Crane, Guardian* (1883), 89 Ind. 485, 487, *supra; Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 207, *supra.* The interlocutory order from which this appeal is attempted to be taken does not fall within either of these four clauses. *Nisius* v. *Chapman* (1912), 178 Ind. 494, 496, and cases cited, 99 N. E. 785; *Natcher* v. *Natcher* (1899), 153 Ind. 368, 55 N. E. 86; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 514, *supra.*

The appeal was attempted to be taken as an interlocutory appeal. An appeal bond, not a recognizance bail, in the sum of Five Hundred Dollars was filed to the approval of the trial court on October 19, 1951. It recites that "said defendant, having appealed from the judgment of the said Circuit Court of Vermillion County for denying bail in said cause . . . and the said Circuit Court . . . having entered an order that said

defendant shall perfect his said appeal within thirty (30) days from the date of said judgment." The transcript and assignment of error were filed in this court November 8, 1951, agreeable with §2-3219, Burns' 1946 Replacement which provides the time within which appeals from interlocutory orders may be taken.

An appeal not authorized by statute, does not invest the Supreme Court with jurisdiction. This rule of law is well stated as follows:

> ". . . Where an appeal is taken from a judgment or decree not authorized by statute, the appellate court has no jurisdiction. An appellate court cannot acquire jurisdiction other than as requisite to dismiss the appeal on an appeal from a nonappealable order, and it cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by the statute. . . ." 4 C. J. S. *Appeal and Error,* §39 p. 116; §92 p. 182, §461 p. 936; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 207, *supra.*

The law with respect to "splinter," "piecemeal" or "fragmentary" appeals has been well stated thus:

> "Although there may be an appeal from one judgment without an appeal from the other or others where there are two or more distinct and several judgments in an action, it is often held, because of the general rule that only final judgments or orders can be appealed from (see infra §92) that a party cannot divide a case into parts and carry it up by fragments, . . ." 4 C. J. S. *Appeal and Error,* §38 p. 116, §92 pp. 180, 181, 182; §93 p. 183; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 208, *supra.*

The duty of an Appellate or Supreme Court when an appeal is attempted to be taken from an order or judgment that is not final or from an interlocutory order from which no appeal is authorized, has been well stated as follows:

"The existence on the record of a final or an appealable interlocutory judgment, order or decree is jurisdictional, and, in the absence thereof, an appeal cannot be entertained even by consent or waiver of the parties. Although no objection may be made at the hearing and no motion may be made to dismiss, the court will, on its own motion, dismiss the appeal." 4 C. J. S. *Appeal and Error*, §92 p. 182.

The state's motion to dismiss the appeal should be sustained.

Jasper, J., concurs.

NOTE.—Reported in 103 N. E. 2d 680.