Aaron Michael **ROHR**, Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 40A01–0906–CR–302.

Court of Appeals of Indiana.

Dec. 17, 2009.

Joseph Leon Payne, Joseph L. Payne, P.C., Austin, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Aaron Rohr appeals the trial court's denial of his request to set bail. Rohr raises one issue, which we restate as whether the trial court abused its discretion by denying Rohr's motion to set bail. We affirm.

The relevant facts as set forth in Rohr's direct appeal follow.

> [Five-year-old] Samuel Moore died April 26, 2005, four days after being taken to a hospital emergency room by the defendant and Donna Moore, Samuel's mother, with whom the defendant had been living for about two months. The State's evidence indicated that Samuel had sustained blunt force head trauma; a severe brain injury; and bruising on the back, front, and inside of his thighs, his left elbow, his groin area, his chin, his waist, both sides of his bottom, his back, and his penis and scrotum, which were also swollen. The evidence presented at trial demonstrated that both the defendant and Donna Moore had engaged in regular corporal punishment of Samuel. Donna had previously been in-

vestigated by the Department of Job and Family Services in Belmont County, Ohio, for physical harm to Samuel.

*Rohr v. State,* 866 N.E.2d 242, 244 (Ind. 2007), *reh'g denied.*

On April 29, 2005, the State charged Rohr with murder. In July 2005, the State filed a request for sentence of life without parole. In August 2005, a jury found Rohr guilty of murder, and the trial court sentenced Rohr to life without parole. In May 2007, the Indiana Supreme Court reversed Rohr's conviction based upon the exclusion of testimony of two defense witnesses and remanded for a new trial. *See Rohr,* 866 N.E.2d at 243–247.[1] The Court also held that the evidence was sufficient to support Rohr's murder conviction. *Id.* at 247–249.

On April 2, 2009, Rohr filed a motion to set bail. On May 12, 2009, the trial court held a hearing regarding Rohr's motion. At the hearing, Rohr's counsel first questioned Rohr's father regarding his ability and willingness to "put up a bond" if Rohr "would be allowed out on bail." *See* Hearing Transcript at 3. Following the testimony of Rohr's father, Rohr's counsel moved to admit into evidence an affidavit of Donna Moore, and the trial court admitted the affidavit. In her affidavit, which was dated March 20, 2009, Moore stated that she did not observe Rohr "hit, shake, throw or touch" Samuel in a manner that could have caused the injuries suffered by Samuel on April 23, 2005, that she "shoved Samuel against the vanity in the bathroom and shook Samuel Moore while holding him up by the shoulders, both hard enough to cause him to suffer injury," and that "she knew that [Rohr] was not guilty and she believed that [Rohr] would not be convicted of anything and therefore she lied and mislead [sic] the investigators concerning the above facts believing that she would not get caught and that [Rohr] would not be convicted." Defendant's Exhibit A at 1–2. At the request of the State, the trial court took "judicial notice of its entire file, which would include the jury verdict and all proceedings thereafter, including the decision of the Indiana Supreme Court." Hearing Transcript at 4.

Following the presentation of the evidence, the trial court asked if Rohr's counsel wished to make argument. Rohr's counsel argued that the affidavit of Moore "is basically not only a confession but it exonerates Mr. Rohr from what he's charged with in this case." *Id.* at 5. Rohr's counsel also argued:

> You're fully aware after being through two trials in this matter, both this trial and Donna Moore's trial, that she is one to change her stories from time to time, to make statements and in fact, I think some of the allegations which were against her was that she in fact had made false reports to the police and had failed to tell them things that she was asked.
>
> \* \* \* \* \*
>
> We have statements of Donna Moore in the past where she has said I didn't do anything. He must've. And now we have a statement that says that he didn't do anything, I did. The question is

---

1. The Court observed that the two excluded witnesses had observed "Donna Moore's abusive treatment of Samuel since he was six months old...." *Rohr,* 866 N.E.2d at 243–246. The Court also observed that "it was proper for the defense to seek to support its claim that Samuel's extensive injuries, purportedly the result of a pattern of child abuse, were caused by Donna Moore, not the defendant." *Id.* at 246–247.

which one of those statements is more credible. As you, in a situation of dealing with criminal defendants every day realize, it's very easy for a criminal defendant to say I didn't do it, somebody else did when in fact they are guilty. It is very difficult though, for a person to admit that they actually did things to their son that likely caused their death. In this situation, you have that, you have that in the form of this affidavit, in the form of a confession by the mother who was there present at the time. We believe that that carries the burden in this case, which is required of the defendant under [Ind.Code § ] 35–33–8–2, and we believe that he should be allowed to bail as a result of that burden being carried. . . .

*Id.* at 5–7.

The State argued that "all the Defendant's exhibit is is another inconsistent prior statement by Ms. Moore that the State will show on cross examination at the trial what her motives would be to come up with this story now." *Id.* at 9. The State also argued that the proof against Rohr is evident and that the presumption of Rohr's guilt is strong because "a jury heard all this evidence before they heard Donna Moore's live testimony and prior inconsistencies and everything else and they found him guilty." *Id.* The State argued that "[a]ll [Rohr has] done is show a piece of evidence that he intends to use [at] the trial and that is not good enough and his motion should be denied." *Id.* at 10. At the conclusion of the parties' arguments, the trial court "invite[d] any post-hearing authority that either attorney wants to submit within 10 days. . . ." *Id.* at 11.

On May 18, 2009, Rohr filed a memorandum in support of his motion to set bail. In the memorandum, Rohr argued that "[i]n addition to the facts that the Supreme Court reviewed, we now have the additional fact of a confession by Donna Moore." Appellant's Appendix at 66. On May 20, 2009, the trial court denied Rohr's motion.

■ Rohr argues that "[t]he standard for review to determine whether a defendant should be given a bond in a murder case appears to be one of a de novo review." Appellant's Brief at 8. The State argues that "[t]he decision to deny bail to a person accused of murder appears to be reviewed for an abuse of discretion." Appellee's Brief at 4 (citing *Phillips v. State,* 550 N.E.2d 1290, 1295 (Ind.1990), *reh'g denied*). In his reply brief, Rohr argues that the *Phillips* decision does not set forth the applicable standard of review because the Court in *Phillips* "found the issue of bail to be moot" and because "[t]here was no issue of the standard for review of an appeal from a denial of bail in *Phillips.*" Appellant's Reply Brief at 3. Although the Court in *Phillips* did state in a footnote that the question of whether the trial court properly denied bail was moot because the defendant had been convicted and sentenced, we observe that the Court nevertheless reviewed the record in that case, including the trial court's hearing on the defendant's petition for bail, and concluded that "[a] review of the hearing transcript does not persuade us that the trial court abused its discretion nor that its decision was unreasonable or arbitrary, either procedurally or substantively." *Phillips,* 550 N.E.2d at 1295. Also, in the case of *Partlow v. State,* the Indiana Supreme Court noted that the defendant's claim that the trial court erred in refusing him bail was moot, but also concluded that the trial court did not abuse its discretion in making the determination to deny the defendant bail pending trial. 453 N.E.2d

259, 274 (Ind.1983), *cert. denied* 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219 (1984). We apply the standard applied by the Indiana Supreme Court in *Phillips* and *Partlow.*

■ Therefore, the sole issue is whether the trial court abused its discretion by denying Rohr's motion to set bail. "In Indiana, murder is not a bailable offense." *Phillips,* 550 N.E.2d at 1294 (citing IND. CONST. ART. 1, § 17; Ind.Code § 35–33–8–2). Article 1, Section 17 of the Indiana Constitution provides: "Offenses, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong." Ind. Code § 35–33–8–2 provides:

(a) Murder is not bailable when the proof is evident or the presumption strong. In all other cases, offenses are bailable.

(b) A person charged with murder has the burden of proof that he should be admitted to bail.

The Indiana Supreme Court has held that "[i]n a murder case, the presumption is against the right to be admitted to bail, and the burden is on the accused to show that the proof is not evident nor the presumption of his guilt strong." *Phillips,* 550 N.E.2d at 1294 (citing *Partlow,* 453 N.E.2d at 274); *see also Bozovichar v. State,* 230 Ind. 358, 366, 103 N.E.2d 680, 683 (1952) ("The presumption is against the right to be admitted to bail in a murder case. The burden is on the applicant to show that the proof is not evident or the presumption of guilt [not] strong.").

The Court explained:

Given the seriousness of the charge and the severity of the consequences that could potentially attach, the likelihood that an accused person would appear for trial if let to bail is sufficiently doubtful that an initial presumption that no monetary sum could provide an adequate assurance of attendance at trial and the allocation of the burden of showing entitlement to bail on the accused does not offend the Constitution so long as that person is afforded the type of procedural due process hearing that will guarantee that bail is not denied unreasonably or arbitrarily.

*Phillips,* 550 N.E.2d at 1295.

Rohr argues that the trial court erred in denying his motion to set bail. Specifically, Rohr argues that "Donna Moore, who is the mother of the alleged victim, has now confessed to acts which caused the ultimate death of the alleged victim." Appellant's Brief at 8–9. Rohr further argues that "[t]he evidence in front of this Court and the trial court is a confession by Donna Moore which exonerates the defendant." *Id.* at 9. Rohr argues that Moore's statements are exculpatory because "the evidence adduced at the first trial was only circumstantial" and because "the only persons present in the home when the alleged victim was abused was [sic] the defendant and Donna Moore." *Id.* Rohr also argues that "[a] case of circumstantial evidence coupled with a confession by another makes the State's proof less than evident and removes any presumption that the defendant committed an act that killed the victim." *Id.*

The State argues "the denial of bail should be affirmed because the proof of Rohr's guilt is evident and the presumption is strong" and that "the evidence is more than sufficient to sustain the current charge." Appellee's Brief at 5–6. Specifically with respect to Moore's affidavit, the

State argues that "[b]y presenting an affidavit of a potential witness who now retracts certain statements she previously made and seemingly, but not unequivocally, admits to killing the victim, Rohr has not rebutted the presumption." *Id.* at 5. The State argues that the "affidavit does not negate the evidence that has already been presented against Rohr, and our Supreme Court has already determined that the evidence previously presented is sufficient evidence to convict Rohr of the murder." *Id.* The State also argues that "Rohr has an increased incentive to flee, but, perhaps more importantly, our Supreme Court has concluded that, without the error requiring a new trial, the State presented sufficient evidence to sustain a murder conviction." *Id.* at 6 (citing *Rohr,* 866 N.E.2d at 249).

Here, the record reveals that the trial court conducted a hearing regarding Rohr's motion to set bail. Our review of the transcript of the hearing on Rohr's motion reveals that Rohr was represented by an attorney and had the right to present evidence and witnesses in connection with his defense. The trial court admitted the evidence of the affidavit of Moore submitted by Rohr. Included in Moore's affidavit were statements that she "shoved Samuel against the vanity in the bathroom and shook Samuel Moore while holding him up by the shoulders, both hard enough to cause him to suffer injury," and that "she knew that [Rohr] was not guilty and she believed that [Rohr] would not be convicted of anything and therefore she lied and mislead [sic] the investigators concerning the above facts believing that she would not get caught and that [Rohr] would not be convicted." *See* Defendant's Exhibit A at 1–2.

The trial court also took "judicial notice of its entire file" in connection with Rohr's case, including "the jury verdict and all proceedings thereafter, including the decision of the Indiana Supreme Court." *See* Hearing Transcript at 4. In discussing the evidence against Rohr, the Indiana Supreme Court observed "that the medical evidence established that the victim died from a brain injury caused either by blunt force trauma or severe shaking." *Rohr,* 866 N.E.2d at 248. The Court also stated:

> Evidence was presented that Donna Moore, Samuel's mother, left him with [Rohr] at about 11:00 a.m., that Samuel behaved normally when the mother departed, and that he spent the entire day alone with [Rohr]. Moore returned from work just before 10:00 p.m. After about two hours, [Rohr] checked on the victim, noticed that he had vomited in his bed, and reported to Moore what he had seen. The two then returned to the boy and attempted to ask him some questions. When Samuel did not respond, [Rohr] nudged him, causing him to fall off of the bed and bump his chin on a dresser. When it appeared that Samuel had lost consciousness, [Rohr] and Moore took Samuel to the hospital emergency room. With the type and severity of injury experienced by Samuel, unconsciousness usually occurs just minutes rather than days after the traumatic injury. The medical staff observed symptoms of a severe head injury and brain swelling and found extensive bruising on Samuel's body, which was then reported to police. While the staff was evaluating the boy, one hospital employee reported that she heard [Rohr] tell Moore that they did not need to mention "the smacking of the legs." A deputy sheriff reported that he overheard [Rohr] advise the mother that the police had driven by the house and that he "got rid of what [he] could, but not all." After [Rohr] was arrested, he stated that he and Moore shared

responsibility for disciplining Samuel, including spanking with a belt, and that they had begun hitting him on the inside of his thighs because his bottom had become bruised.

*Id.* (citations to transcript omitted).

In addition, the trial court heard argument by Rohr's counsel regarding Rohr's motion to set bail. Rohr's counsel specifically argued that the affidavit of Moore "is basically not only a confession but it exonerates Mr. Rohr from what he's charged with in this case." *See* Hearing Transcript at 5. Both Rohr and the State appeared to agree that Moore's statements had not always been consistent. *See id.* at 5–7 (Rohr's counsel argued that Moore "is one to change her stories from time to time" and that "[t]he question is which one of [her] statements is more credible"); *id.* at 9 (the State's attorney argued that "all [Rohr's] exhibit is is another inconsistent prior statement by Ms. Moore"). Rohr's counsel also argued to the trial court that Moore's affidavit "carries the burden in this case." *See id.* at 7.

Based upon our review of the record and the transcript of the trial court's hearing regarding Rohr's motion to set bail, we cannot say that the hearing held by the trial court denied Rohr the ability to challenge evidence against him and to present evidence of his innocence, his right to present witnesses, or his right to counsel. In addition, we cannot say that the affidavit submitted by Rohr containing statements made by Moore, especially in light of all of the evidence contemplated in this case, established that the proof against him for the murder of Samuel was not evident or that the presumption of his guilt not strong. As a result, we conclude that the trial court did not abuse its discretion by denying Rohr's motion to set bail and that the trial court's decision was not unreasonable or arbitrary. *See, e.g., Phillips,* 550 N.E.2d at 1295 (holding that the trial court

did not abuse its discretion and that its decision was not unreasonable or arbitrary where the trial court determined that the proof against the defendant was evident and the presumption of his guilt strong, and where the trial court conducted a hearing on the defendant's petition for bail at which the court heard the testimony of five witnesses which encompassed all the evidence contemplated in the case and at which the defendant was accorded the right to counsel, the right to present witnesses in his defense, the right to confront and cross-examine witnesses against him, and the right against self-incrimination); *see also Partlow,* 453 N.E.2d at 274 (holding that the trial court did not abuse its discretion in denying the defendant bail pending trial where the trial court reviewed the evidence contemplated in the case and made the determination that proof was evident and presumption of guilt was strong); *Caudill v. State,* 262 Ind. 40, 41, 311 N.E.2d 429, 430 (1974) (holding that while a jury may ultimately find the State's evidence to be insufficient to support the allegations in the indictment charging murder, the trial court acted properly in refusing to admit the defendant to bail where the defendant failed to carry her evidentiary burden as required by the Indiana Constitution); *Bozovichar,* 230 Ind. at 366, 103 N.E.2d at 683 (holding that the trial court's denial of the defendant's bail was proper even if a jury takes the view urged by the defendant).

For the foregoing reasons, we affirm the trial court's order denying Rohr's motion to set bail.

Affirmed.

MATHIAS, J., and BARNES, J., concur.