

FILED

Oct 02 2020, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle Nicholas Doroszko,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 2, 2020

Court of Appeals Case No.
20A-CR-1332

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1905-MR-4

**Altice, Judge.**

## Case Summary

[1] Kyle Doroszko appeals the denial of his motion for release on bail following his arrest and charge for murder. Doroszko argues that the trial court was required to grant his request because the State did not present sufficient evidence at the bail hearing that would defeat a claim of self-defense.

[2] We affirm.

## Facts and Procedural History

[3] On April 28, 2019, Doroszko planned to sell $400 worth of marijuana and possibly a gun to some buyers he had met on the social media site, "Snapchat." *Appellant's Appendix* at 23. As Doroszko was aware that "selling drugs was a dangerous business," he made plans to conduct the transaction in a lighted parking lot at a South Bend bar to "keep it from going bad." *Transcript* at 7. Doroszko also armed himself with two firearms—a Glock .40 caliber semiautomatic handgun and an AR-15 rifle—for "protection and intimidation" purposes. *Id.*

[4] Doroszko's accomplice drove an SUV to the bar with Doroszko in the passenger seat. When the potential drug buyers arrived, two of them entered the backseat of the SUV. One of the individuals was identified as Traychon Taylor, who sat behind Doroszko.

[5] At some point, two other men exited the buyers' car wearing masks, approached the SUV, and fired one shot into the vehicle. Doroszko then felt "something placed against the back of his head" and he and Taylor began to fight over the marijuana and a backpack. *Id*. at 9. Doroszko shot Taylor twice with his Glock handgun. As Doroszko's accomplice began to drive away, Taylor fell out of the SUV into the roadway and later died from his injuries.

[6] Doroszko subsequently admitted that he had thrown the gun used to kill Taylor into a river. The State charged Doroszko with murder and he was ordered held without bond. Doroszko filed three motions for release on bail, all of which the trial court denied. He now appeals.[1]

## Discussion and Decision

[7] In addressing Doroszko's claim that the trial court abused its discretion in denying his request for bail, we note that Article 1, Section 13 of the Indiana Constitution prohibits excessive bail. In general, "bail is excessive if set at an amount higher than reasonably calculated to ensure the accused party's presence in court." *Lopez v. State*, 985 N.E.2d 358, 360 (Ind. Ct. App. 2013), *trans. denied*.

[8] A defendant charged with murder can be held without bail "when the proof is evident, or the presumption strong." Ind. Const. art. I § 17; Ind. Code § 35-33-

---

[1] Doroszko's jury trial is presently set to commence on October 19, 2020.

8-2 ("murder is not bailable if the state proves by a preponderance of the evidence that the proof is evident or the presumption strong). [2] The defendant has the right to present evidence related to an affirmative defense, such as self-defense, at a bail hearing. *Satterfield v. State,* 30 N.E.3d 1271, 1279 (Ind. Ct. App. 2015). When reviewing a trial court's denial of bail in a murder case, we reverse only for an abuse of discretion. *Id.; see also Rohr v. State,* 917 N.E.2d 1277, 1280 (Ind. Ct. App. 2009). A decision is an abuse of discretion when it "is clearly against the logic and effect of the facts and circumstances." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). We will not reweigh the evidence, and we consider any conflicting evidence in favor of the trial court's ruling. *Collins v. State,* 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), *trans. denied.*

[9] In general, a person may not claim self-defense when committing a crime. *See Ind. Code* § 35-41-3-2(g)(1). And when the State seeks to disprove a defendant's self-defense claim, it may establish that there was an "immediate causal connection" between the contemporaneous crime committed and the confrontation leading to the victim's death. *Gammons v. State,* 148 N.E.3d 301, 306 (Ind. 2020). Whether an immediate causal connection exists is an issue for the finder of fact. *Mayes v. State,* 744 N.E.2d 390, 392-93 (Ind. 2001).

[10] In this case, the evidence at the bail hearing established that Doroszko engaged in a criminal act that immediately caused Taylor's death. Doroszko was aware

---

[2] Ind. Crim. Rule 26, effective January 1, 2020, sets forth provisions and conditions for a defendant's pretrial release "without money bail or surety" for offenses other than murder or treason.

of the inherent dangers and potential for violence associated with drug dealing. In preparing for the sale, Doroszko armed himself and arranged for the transaction to be carried out in a well-lit location so it "[wouldn't go] bad." *Transcript* at 7. The evidence also showed that Doroszko shot Taylor to prevent him from stealing the marijuana. In short, it was reasonable for the trial court to find by a preponderance of the evidence that there was an immediate and causal connection to the confrontation that led to Taylor's death.

[11] That said, we reject Doroszko's reliance on *Gammons* for the proposition that the State was obligated to prove beyond a reasonable doubt at the bail hearing that Dorosko did not act in self-defense. The issue in *Gammons* dealt with the propriety of a jury instruction that permitted the jury to disregard the defendant's self-defense claim on the basis of a "but-for causation" between the crime and confrontation. *Gammons,* 148 N.E.3d at 304. The *Gammons* Court concluded that an instruction precluding a defendant from asserting self-defense if he or she was committing a crime that was merely "connected" to a confrontation was an incorrect statement of the law. *Id.* at 304-05. *Gammons* further reiterated the rule that a claim of self-defense is barred *only* when the State shows that there is "an immediate causal connection between the crime and the confrontation." *Id.* Although a jury instruction in these circumstances might be warranted at trial in accordance with *Gammons,* the State nonetheless established by a preponderance of the evidence at the bail hearing that there was an immediate causal connection between the dealing in marijuana offense and the circumstances, i.e., the confrontation, that led to Taylor's death.

Finally, we reject Doroszko's alternative claims that *Gammons* was incorrectly decided, in that when the matter proceeds to *trial*, the jurors will necessarily apply a lesser "but-for standard even when they are instructed that they must find an immediate causal connection between the crime and confrontation." *Appellant's Brief* at 16. In addition to the well-established principle that this court lacks the ability to overrule Indiana Supreme Court precedent, jurors are presumed to follow the trial court's instructions. *Ward v. State,* 138 N.E.3d 268, 274 (Ind. Ct. App. 2019). Regardless, Doroszko's contention amounts to sheer speculation. Moreover, Doroszko's arguments essentially reject the principle that the jury is the appropriate factfinder as to causation. The question of causation is one of fact and jurors are the ultimate finders of fact. *See Mayes,* 744 N.E.2d at 394 (recognizing that it was the factfinder's duty to determine whether there was an immediate causal connection between the defendant's possession of an unlicensed firearm and the victim's death). For all these reasons, we conclude that the trial court did not abuse its discretion in denying Doroszko's request for release on bail.

[13] Judgment affirmed.

May, J. and Tavitas, J., concur.