

IN THE

# Court of Appeals of Indiana

Tylor N. Kooistra,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Apr 08 2025, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

April 8, 2025

Court of Appeals Case No.
24A-CR-2162

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-2211-F6-1391

**Opinion by Judge Mathias**
Judges Foley and Felix concur.

**Mathias, Judge.**

[1] Tylor N. Kooistra appeals his conviction for Level 6 felony pointing a firearm and his ensuing two-year sentence. Kooistra raises four issues for our review, which we consolidate and restate as the following two issues:

> 1. Whether Kooistra's post-trial challenges to the trial court's revocation of his pretrial release are moot.

> 2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] In November 2022, Kooistra shared a residence with his brother Mark and three other people in Allen County. In the early evening hours of November 8, Mark came home from work and found Kooistra and the other residents "screaming at each other" on the front porch. Tr. Vol. 2, p. 112. Kooistra was upset that one of the other resident's rooms was not as tidy as Kooistra would have liked it.

[4] Mark tried to "de-escalate the situation." *Id.* at 113. However, Kooistra insisted on forcing himself into the other resident's room. Mark physically restrained Kooistra, and a scuffle ensued. During the scuffle, a firearm fell off of Kooistra's person and onto the ground. Kooistra then picked up the firearm and

pointed it "point blank" at Mark's face. *Id.* at 114. Mark smacked the gun away, but Kooistra "pointed it right back" at him. *Id.* at 115.

[5] One of the residents called 9-1-1. Officers arrived, searched Kooistra, and found the firearm on his person. The officers then arrested Kooistra, and the State charged him with Level 6 felony pointing a firearm.

[6] After his initial hearing, the trial court released Kooistra to monitored conditional release under specified terms and conditions. Kooistra received the terms and conditions of his release in writing and signed his acknowledgment of them. However, over the ensuing seventeen months or so, Kooistra's attorneys were repeatedly unable to communicate with Kooistra, which was a violation of the terms and conditions of his pretrial release. Accordingly, the court revoked Kooistra's pretrial release and remanded him into the custody of the Allen County Sheriff.

[7] At his ensuing jury trial, both Mark and Kooistra testified, and the jury found Kooistra guilty as charged. After a sentencing hearing, the court entered its judgment of conviction against Kooistra and sentenced him as follows:

> The Court does find as an aggravator your juvenile and adult criminal record, with failed efforts at rehabilitation, the fact that you are a multi-county offender and a multi-state offender, covering a period of time from 2013 to 2024. You have one adjudication as a juvenile with probation and then [placement in a r]esidential [f]acility. As an adult, you have four misdemeanor convictions with short, intermediate, and longer jail sentences, unsupervised probation, community service, and . . . license suspension. Your attorney has asked that I consider that you've

been employed as a mitigating circumstance. I decline to do that . . . . You're a young man of 28 years old, you look healthy, and you should be . . . working.

*Id.* at 200-01. The court then ordered Kooistra to serve two years executed in the Department of Correction.

[8] This appeal ensued.

## 1. Kooistra's post-trial challenges to the trial court's revocation of his pretrial release are moot.

[9] We first address Kooistra's three challenges to the trial court's revocation of his pretrial release. In particular, Kooistra argues that the trial court abused its discretion when it revoked his pretrial release "without a petition from any party" to do so; that the trial court violated his due-process rights when it revoked his pretrial release "without notice of the possibility" that his pretrial release could be revoked; and that the court acted contrary to the Indiana Code when it revoked his pretrial release. Appellant's Br. at 12-13.

[10] But Kooistra's post-trial challenges to the revocation of his pretrial release are moot. An issue is moot when it has "ended, settled, or otherwise [been] disposed of so that the court can give the parties no effective relief." *Spells v. State*, 225 N.E.3d 767, 777-78 (Ind. 2024) (quotation marks omitted). For example, our Supreme Court has long recognized that "[t]he denial of bail is deemed a final judgment appealable immediately." *Bradley v. State*, 649 N.E.2d 100, 107 (Ind. 1995) (citing *Bozovichar v. State*, 230 Ind. 358, 103 N.E.2d 680

(1952)). That rule exists because, by waiting to appeal such issues after the defendant has been "tried and found guilty, the issue is moot" and no longer "available as an appealable issue." *Music v. State*, 489 N.E.2d 949, 951 (Ind. 1986).

[11] There is nothing we can do about the revocation of Kooistra's pretrial release in this post-trial appeal. Nor does Kooistra argue that we should apply an exception to the usual rule that we will not consider moot issues. *See* Ind. Appellate Rule 46(A)(8)(a). Kooistra's challenges to the revocation of his pretrial release are therefore moot, and we do not consider them.

## 2. Kooistra's sentence is not inappropriate.

[12] We thus turn to Kooistra's challenge to his sentence under Indiana Appellate Rule 7(B). Under Indiana Appellate Rule 7(B), we may modify a sentence that we find is "inappropriate in light of the nature of the offense and the character of the offender." Making this determination "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[13] Sentence modification under Rule 7(B), however, is reserved for "a rare and exceptional case." *Livingston v. State*, 113 N.E.3d 611, 612 (Ind. 2018) (per curiam). Thus, when conducting this review, we generally defer to the sentence imposed by the trial court, and that deference will prevail unless the defendant demonstrates compelling evidence on appeal that portrays the nature of the

offenses and his character in a positive light, such as showing a lack of brutality in the offenses or showing substantial virtuous character traits. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[14] Kooistra's Level 6 felony conviction carries a sentencing range of six months to two and one-half years, with an advisory term of one year. Ind. Code § 35-50-2-7(b) (2022). The trial court sentenced Kooistra to two years. In doing so, the court relied on Kooistra's extensive criminal history.

[15] In challenging his sentence, Kooistra emphasizes his own testimony to the jury at his trial. He further asserts that the facts of his conviction "are not the worst." Appellant's Br. at 25. And he diminishes the significance of his criminal history.

[16] But Kooistra's arguments simply seek to have our Court substitute its judgment for the trial court's, which is not consistent with our deference to the trial court in sentencing matters. Further, Kooistra presents no compelling evidence that portrays the nature of the offense and his character in a positive light. He therefore has not met his burden on appeal to show that his sentence is inappropriate.

## Conclusion

[17] We affirm Kooistra's conviction and sentence.

[18] Affirmed.

Foley, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General

Jesse R. Drum
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana